## GOVERNMENT OF THE VIRGIN ISLANDS, IN THE INTEREST OF MARVIN A., a Minor

Fam./Juv. No. 45/1980

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 18, 1980

---

HENRY V. CARR, III, Assistant Attorney General (Department of Law), St. Thomas, V.I. *for Government of the Virgin Islands*

JACQUELINE W. HUBBARD, Assistant Public Defender (Office of the Public Defender), St. Thomas, V.I., *for Minor*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

The minor, Marvin A., was arrested on October 29, 1979, and on the same day was released in the custody of his mother. A juvenile complaint charging second degree burglary, 14 V.I.C. § 443 (Supp. 1979), and grand larceny, 14 V.I.C. § 1083 (1964), was not filed until March 7, 1980. The minor, contending that he had been denied his right to a speedy trial, moved to dismiss. At the conclusion of oral argument on the motion, the court concluded that the minor's constitutional right to a speedy trial had not been violated, but the court sua sponte raised the issue of the applicability of the Speedy Trial Act of 1974[1] to juvenile proceedings in the Territorial Court pursuant to 5 V.I.C. App. IV, R. 7, and requested counsel to brief the issue.[2]

Based on an examination of the Plan for the Disposition of Criminal Cases adopted on June 30, 1978, by the District Court of the Virgin Islands pursuant to Fed. R. Crim. P. Rule 50(b) the court can only conclude that the Act, as implemented by the Plan, does not apply to these juvenile proceedings.[3]

The Speedy Trial Act has not been made explicitly applicable to the Territorial Court by any law. The court originally questioned, however, whether the adoption and application of the Speedy Trial Act to local cases in the District Court constituted "practice and procedure" in the District Court of the Virgin Islands, and thus was applicable to the Territorial Court by virtue of 5 V.I.C. App. IV, R. 7 (1966) which provides:

> The practice and procedure in the territorial court shall conform as nearly as may be to that in the district court in like causes, except where there is an express provision in the law or these rules to the contrary.

Although the court's initial inquiry was framed in terms of the Speedy Trial Act, a distinction must be drawn between the Act and the Plan for the Disposition of Criminal Cases, which controls proceedings in the District Court. The Speedy Trial Act is applicable in

---

[1] 18 U.S.C. § 4161 et seq. (1976), as amended by Speedy Trial Act Amendments of 1979, Pub. L. No. 96-43, 93 Stat. 327.

[2] The minor's attorney at that time conceded the inapplicability of the Act, but argued that it should be used as a guide in determining whether the minor's constitutional rights had been violated.

[3] The court need not and does not decide whether the Act, as implemented by the Plan, is applicable to adult criminal cases in the Territorial Court.

all District Court proceedings, federal and territorial, pursuant to the Plan which was adopted on June 30, 1978 pursuant to Rule 50(b), and in accordance with 18 U.S.C. §§ 3165, 3166 (1976). It is a binding rule of the District Court, spawned by, but not the same as, the Act. U.S. v. Bullock, 551 F.2d 1377 (5th Cir. 1977). Although the time limits imposed by the Act and Plan are essentially the same, one important difference exists. The Act does not explicitly refer to juvenile proceedings;[4] the Plan does. Thus, while it may be argued that the underlying rationale for rules providing for the prompt disposition of criminal cases should be applicable to juvenile proceedings and that the purposes of the Act and Plan are compatible with the protective and paternalistic procedures of juvenile cases, U.S. v. Furey, 500 F.2d 338 (2d Cir. 1974), *after remand* 514 F.2d 1098 (2d Cir. 1975), the Plan's explicit reference to juvenile proceedings cannot be disregarded in determining the extent to which the Act's time limits should apply to juvenile cases.

The Plan provides:

> Except as specifically provided, [the time limits set forth herein] are not applicable to proceedings under the Federal Juvenile Delinquency Act.[5]

■ The Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 et seq. (1976), establishes proceedings for processing alleged delinquents charged with violating federal laws. These proceedings are separate and distinct from criminal proceedings, and specifically were established to remove juveniles from the harsher and more stigmatizing criminal justice system. This is founded on the belief that providing juveniles with appropriate services and treatment rather than punishment more likely will lead to rehabilitation. Although the Federal Juvenile Delinquency Act does not apply to the Territorial Court, a similar statutory structure for juvenile proceedings, separate and distinct from adult criminal proceedings, is established for the Territorial Court. 4 V.I.C. § 172 et seq. (1967), 5 V.I.C. § 2501 et seq. (1967), and 5 V.I.C. App. IV, R. 81–98 (1966). Juvenile proceedings in the District Court under the Federal Juvenile Delinquency Act and those in this court under local law are appropriately considered "like causes" under Rule 7. Thus, assuming arguendo that the Plan's provisions constitute "practice and

---

[4] The Act applies to "offenses" defined as "federal criminal offenses," 18 U.S.C. § 3172, and refers to proceedings in "criminal cases," 18 U.S.C. §§ 3165, 3166 (1976).

[5] P. II-1 of the Plan.

procedure" under Rule 7, the court must conclude that only those provisions of the Plan applicable to juvenile proceedings in the District Court are applicable to juvenile proceedings in the Territorial Court by virtue of Rule 7.

■ The only time limitations provided by the Plan for juvenile proceedings in the District Court are those established by 18 U.S.C. § 5036 of the Federal Juvenile Delinquency Act.[6] That section, although not part of the Speedy Trial Act of 1974, requires that a juvenile who is in detention pending trial be brought to trial within thirty days of the beginning of detention, except under certain circumstances.[7] As noted earlier, the minor here is not being detained. To the contrary, he was released in the custody of his mother the day he was arrested. Thus, the thirty-day time limit provided by the Plan does not come into play here. However, even if the minor were in detention, the court believes that the thirty-day time limit would not apply to juvenile proceedings in the Territorial Court, because the Plan specifically provides:

> Dispositions in this section shall not be applicable to juvenile defendants being processed for offenses which are in violation of statutes enacted by the Legislature of the Virgin Islands of the U.S.[8]

Because juveniles processed in the Territorial Court are charged with violating only Virgin Islands statutes, the foregoing language excludes them from the time limitations provided for juveniles in the District Court.

Accordingly, the court must conclude that neither the Speedy Trial Act of 1974, nor the speedy trial provision of the Federal Juvenile Delinquency Act, 18 U.S.C. § 5036, as implemented by the District Court's Plan for the Disposition of Criminal Cases, apply to juvenile proceedings in the Territorial Court.

---

[6] P. II-10, 11 of the Plan.

[7] 18 U.S.C. § 5036 provides:

> If an alleged delinquent who is in detention pending trial is not brought to trial within thirty days from the date upon which such detention was begun, the information shall be dismissed on motion of the alleged delinquent or at the direction of the court, unless the Attorney General shows that additional delay was caused by the juvenile or his counsel, or consented to by the juvenile and his counsel, or would be in the interest of justice in the particular case. Delays attributable solely to court calendar congestion may not be considered in the interest of justice. Except in extraordinary circumstances, an information dismissed under this section may not be reinstituted.

[8] The Plan at p. II-10.

One final word is in order. While holding that the Speedy Trial Act and the Plan for Disposition of Criminal Cases does not apply to juvenile proceedings in this court, the court does believe that the Government, counsel for the minor, and the court should strive to meet the time limits provided by the Plan. The entire juvenile justice system cannot help but be vastly improved, and more likely to realize its goal of rehabilitation by adherence to the Plan and by bringing minors speedily to trial.