**GOVERNMENT OF the VIRGIN ISLANDS, Appellant,**

v.

**Desmond BRYAN.**

No. 85-3654.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 1, 1986.

Decided May 14, 1987.*

---

* Assignment of this opinion awaited the decision in *United States v. Felton*, 811 F.2d 190 (3d Cir.1987) (in banc).

James W. Diehm, U.S. Atty., James S. Carroll, III, Asst. U.S. Atty., Charlotte Amalie, St. Thomas, U.S. V.I., for appellant.

John F. McMahon, Acting Federal Public Defender, Thurston T. McKelvin, First Asst. Federal Public Defender, Charlotte Amalie, St. Thomas, U.S. V.I., for appellee.

Before SLOVITER, STAPLETON and ROSENN, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

The district court of the Virgin Islands dismissed with prejudice an information charging defendant Desmond Bryan with grand larceny in violation of 14 V.I.C. 1083(1) and possession of stolen property in violation of 14 V.I.C. 2101(a). The court found that the information was filed more than 30 days after Bryan's arrest and held that it was untimely under the provision of the Speedy Trial Act, 18 U.S.C. § 3161(b), which requires that an information be filed within thirty days of arrest.

The United States Attorney argued that the Speedy Trial Act does not apply to territorial offenses, and that in any event dismissal should be without prejudice because the short additional time taken in filing the information (which was filed 35 days after Bryan's arrest on these charges) was to permit the government to ascertain whether the value of the jeep seat allegedly stolen by Bryan exceeded $100, an element of the crimes charged. In rejecting the prosecution's argument that the Speedy Trial Act was inapplicable to territorial offenses prosecuted in the district court, the district court relied upon the fact that the Administrative Office of the United States Courts and this court had acted as if the Speedy Trial Act applied to territorial offenses by purchasing a Speedy Trial Reporter for the district court. App. at 20. The court also stated that "any Act passed by the Legislature of the Virgin Islands is an Act of Congress." App. at 20. Finally, the court suggested that it was within the supervisory power of the circuit court to apply the provisions of the Speedy Trial Act to local offenses. App. at 21. The district court stated that it would dismiss the indictment with prejudice in the hope that the government would appeal to this court to resolve the question. App. at 20.

Accordingly, before us are the following questions: (1) Does the Speedy Trial Act apply of its own force to territorial offenses prosecuted in the district court of the Virgin Islands? (2) If not, does the District Court of the Virgin Islands have the authority to make the provisions of the Speedy Trial Act applicable to territorial offenses prosecuted in that court by virtue of a Speedy Trial Plan approved by the Judicial Council of the Third Circuit? (3) If there is such authority, does the Speedy Trial Plan adopted do so? and (4) If so, did the district court abuse its discretion by dismissing the information against Bryan with prejudice?

### II.

The provisions of the Speedy Trial Act limiting the time for bringing an indictment or information, 18 U.S.C. § 3161(b), and providing for dismissal for failure to do so within the time limit, 18 U.S.C. § 3162(a)(1), apply only when the defendant is charged with an "offense". The statute defines an "offense", in relevant part, as "any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress." 18

U.S.C. § 3172(2). The latter part of the definition is met here because the crimes with which Bryan was charged are triable in the District Court of the Virgin Islands, which is a "court established by Act of Congress."[1]  See 48 U.S.C. § 1611(a). However, the crimes for which Bryan was charged were established by an Act of the Legislature of the Virgin Islands, not an Act of Congress.

The district court's suggestion that an Act passed by the Legislature of the Virgin Islands is an Act of Congress is contrary to this court's precedent. Under the Revised Organic Act, the "legislative power and authority of the Virgin Islands shall be vested in ... the 'Legislature of the Virgin Islands'," 48 U.S.C. § 1571(a), and "shall extend to all rightful subjects of legislation not inconsistent with [the Revised Organic Act] or the laws of the United States made applicable to the Virgin Islands." 48 U.S.C. § 1574(a).

In *Harris v. Boreham*, 233 F.2d 110 (3d Cir.1956), Judge Maris, writing for the court, stated that, "[t]he aim of Congress [in enacting the then applicable Organic Act] is to give the territory full power of local self-determination. The local laws enacted under the legislative power granted by Congress are accordingly territorial laws, not laws of the United States." *Id.* at 113. Furthermore, the court expressly rejected the position "that local laws continued in force in a territory by virtue of a provision of its organic act are laws of the United States." *Id.* at 113 n. 4.

With the passage of the Revised Organic Act, Congress intended to grant "a greater degree of autonomy, economic as well as political, to the people of the Virgin Islands." *Virgo Corp. v. Paiewonsky*, 384 F.2d 569, 576 (3d Cir.1967), *cert. denied*, 390 U.S. 1041, 88 S.Ct. 1633, 20 L.Ed.2d 303

(1968) (quoting S.Rep. No. 1271, 83d Cong., 2d Sess. 2, *reprinted in* 1954 U.S.Code Cong. & Admin.News, 2585, 2586). As we stated in *In re Estate of Hooper*, 359 F.2d 569, 578 (3d Cir.), *cert denied*, 385 U.S. 903, 87 S.Ct. 206, 17 L.Ed.2d 133 (1966),

> The Territory of the Virgin Islands is a body politic. While not sovereign, in the true sense of that term, the Revised Organic Act has conferred upon it attributes of autonomy similar to those of a sovereign government or a state.

■ It follows that territorial crimes established by the Legislature of the Virgin Islands are not criminal offenses in violation of an Act of Congress and hence are not "offenses" within the meaning of the Speedy Trial Act. *Cf. Government of the Virgin Islands v. Ortiz*, 427 F.2d 1043, 1047 (3d Cir.1970) (territorial crimes are not covered by identical definition of "offense" in Bail Reform Act of 1966). Therefore that Act does not apply of its own force to prosecution for territorial offenses even though such cases are tried in the District Court of the Virgin Islands.[2]

### III.

Although the Speedy Trial Act does not apply by its own terms to territorial offenses prosecuted in the district court, the District Court of the Virgin Islands is not without the power to extend some or all of the provisions of that Act to all cases tried before it. Such authority stems from Rule 50(b) of the Federal Rules of Criminal Procedure, as well as the inherent power of courts to supervise criminal proceedings before them.

■ The Federal Rules of Criminal Procedure apply to all criminal proceedings in the District Court of the Virgin Islands. Fed.R.Crim.P. 54(a).  Fed.R.Crim.P. 50(b)

---

**1.** We have no occasion to consider here the decision of the Territorial Court of the Virgin Islands holding that the Speedy Trial Act is inapplicable to criminal proceedings in the Territorial Court. *See Government of the Virgin Islands v. Quetel*, 18 V.I. 145, 148–49 (Terr.Ct. 1982); *see also Government of the Virgin Islands ex rel. Marvin A.*, 17 V.I. 102 (Terr.Ct.1980).

**2.** Since the District Court of the Virgin Islands has the jurisdiction of a district court of the United States, *see* 48 U.S.C. § 1612, it also tries criminal offenses in violation of an Act of Congress which are expressly governed by the Speedy Trial Act. The legal material sent to the District Court by the Administrative Office is patently relevant to that aspect of the District Court's jurisdiction.

provides that "each district court shall conduct a continuing study of the administration of criminal justice in the district court and before United States magistrates of the district and shall prepare plans for the prompt disposition of criminal cases in accordance with the provisions of [the Speedy Trial Act]."

Even before the passage of the Speedy Trial Act, courts relied on the language of the earlier version of Rule 50(b) to promulgate speedy trial plans. The earlier version of Rule 50(b), in effect as of October 1972, also provided that each district court "shall prepare a plan for the prompt disposition of criminal cases" within its district. Fed.R.Crim.P. 50(b) (West 1976). The Administrative Office of the United States Courts submitted a Model Plan to each district court, and many adopted a version of that plan. *See* H.R.Rep. No. 1508, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Admin.News 7401, 7405–06.

The authority to promulgate such plans was upheld in *United States v. Furey*, 514 F.2d 1098 (2d Cir.1975), where the Second Circuit affirmed the district court's dismissal of an information with prejudice because the government failed to comply with the provision of the district court's plan setting time limits for the government to be ready for trial. The district court's plan was modeled on a plan drafted by the Circuit Council pursuant to then Rule 50(b) and approved by it. In upholding the dismissal, the Second Circuit noted the power of federal courts to dismiss indictments for unexcusable prosecutorial delay. It viewed this authority as stemming from two independent historical sources, first, the Sixth Amendment guarantee of a speedy trial, and second, the inherent power of federal courts to dismiss a case for want of prosecution even when there has been no Sixth Amendment violation. This inherent power is "an outgrowth of the court's supervisory authority with respect to its own jurisdiction." *Id.* at 1103. The court concluded, "[s]ince it is within the court's inherent power to dismiss a prosecution with prejudice for prosecutorial delay not rising to constitutional dimension, the district court

surely may adopt a rule governing the exercise of that power." *Id.* at 1104.

A similar result was reached by the Fifth Circuit. In *United States v. Novelli*, 544 F.2d 800 (5th Cir.1977), the court held that a plan promulgated pursuant to Rule 50(b) could properly include a sanction of dismissal with prejudice, even for delays that did not amount to constitutional violations. The court viewed "Rule 50(b) plans, promulgated pursuant to the rule-making power of the Supreme Court," as "broader safeguard[s] of the public interest in effective functioning of the criminal justice system than is the Sixth Amendment." *Id.* at 803.

■ Although Rule 50(b) presently provides that the district courts shall prepare plans for the prompt disposition of criminal cases "in accordance with" the provisions of the Speedy Trial Act, we construe this only as precluding any timetable inconsistent with the Act. Nothing in the Rules suggests that plans can only be adopted if the Speedy Trial Act applies. If Rule 50(b) were construed as so limited, it would be duplicative of the provisions already contained in the Speedy Trial Act. *See* 18 U.S.C. §§ 3165, 3166. In fact, the Administrative Office of the United States Courts transmitted its Model Plan to the federal courts with the suggestion that "district courts with jurisdiction over offenses created by other legislatures will wish to consider the extent to which Speedy Trial Act standards should be applied to trials for such offenses." Transmission # 30, Dec. 14, 1979.

■ The Advisory Committee explains that the change in language in Rule 50(b) was needed to take account of the enactment of the Speedy Trial Act, and expresses the belief that "[a]s the various provisions of the Act take effect ... they and the district plans adopted pursuant thereto will supplant the plans heretofore adopted under rule 50(b)." In the absence of any legislative history to the contrary, we view the reasoning of the cases cited above as ample basis for holding that Rule 50(b) continues to provide authority for the promulgation by the District Court of the Virgin Islands of a plan for the prompt dispo-

sition of criminal cases tried before it, including those cases based on territorial crimes, despite the inapplicability to such cases by the terms of the Speedy Trial Act.

■ Moreover, even if Rule 50(b) were narrowly construed to apply only where the Speedy Trial Act applies, we believe the Circuit Judicial Council has power to approve the Speedy Trial Plan promulgated by the District Court of the Virgin Islands.[3] Under 28 U.S.C. § 332(d)(1) "[e]ach judicial council shall make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit." *See In re Imperial "400" National, Inc.,* 481 F.2d 41, 46 (3d Cir.), *cert. denied,* 414 U.S. 880, 94 S.Ct. 68, 38 L.Ed.2d 125 (1973). This statute was the basis for the Second Circuit's decision in *Hilbert v. Dooling,* 476 F.2d 355 (2d Cir. 1973) (in banc), upholding the Prompt Disposition Rules of that circuit council, promulgated even before the amendment to Rule 50(b) which provided express authority for such rules. The legislative history of section 332 led the *Hilbert* court to conclude that, "Congress' intent, as manifested by both the language and history of the Act, was to give the Councils broad power to deal with the evil of judicial delay." *Id.* at 360. Patently, delay in criminal cases is an impediment to the "expeditious administration of justice" within this circuit.

This court has recognized that the administration of justice in the Virgin Islands may require application of the standards of certain federal legislation designed to protect the rights of criminal defendants to cases tried in the District Court of the Virgin Islands. Accordingly, we exercised our supervisory power to apply to the Virgin Islands provisions of federal statutes which did not apply by their own terms. For example, in *Government of the Virgin*

*Islands v. Ortiz,* 427 F.2d 1043 (3d Cir. 1970), once we determined that the Bail Reform Act of 1966, which contained the same definition of "offense" used in the Speedy Trial Act, did not apply to territorial crimes tried in the District Court of the Virgin Islands, *id.* at 1047, we held that it was appropriate for us to use our supervisory power to require that the standards and procedures of the Bail Reform Act be adopted and followed in the consideration and disposition of bail applications in the District Court of the Virgin Islands. *Id.* at 1048.

In doing so, the *Ortiz* case followed our earlier decision in *Government of the Virgin Islands v. Lovell,* 378 F.2d 799, 805–06 (3d Cir.1967), where, exercising our supervisory power, we imposed the terms of the Jencks Act to the prosecution of territorial offenses instituted by the Government of the Virgin Islands, even though the Act's language limited its applicability to prosecutions "brought by the United States." We noted that the Jencks Act was adopted after the decision in *Jencks v. United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), in which the Supreme Court exercised its supervisory authority to prescribe procedural rules for the administration of criminal justice. We stated:

We believe that the legislative gloss placed on the Jencks case by Congress; ... has resulted in a sound rule. Policy and logic dictate that such a rule shall obtain in all criminal prosecutions in the Virgin Islands.

*Lovell,* 378 F.2d at 805.

Since the supervisory power that we exercised in those cases is analogous to the authority given the Circuit Judicial Councils by section 332(d)(1), we conclude that that section authorizes the Circuit Judicial Council to approve the Speedy Trial Plan of the District Court of the Virgin Islands,

---

**3.** In *Henderson v. United States,* 476 U.S. 321, 106 S.Ct. 1871, 1875, 90 L.Ed.2d 299 (1986), the Court pointed out that circuit and district court rules can be developed pursuant to 18 U.S.C. § 3166(f), which would limit the open-ended statutory exclusion in 18 U.S.C. § 3161(h)(1)(F) of time passed in hearing and disposing of motions. In *United States v. Felton,* 811 F.2d 190,

200 (3d Cir.1987) (in banc), we recommended that the district courts in the Third Circuit undertake revisions of their local rules with respect thereto. Inasmuch as 18 U.S.C. § 3166(f) refers to plans "to implement and secure compliance [with the Speedy Trial Act]," we do not rely upon that statutory provision here for the reasons as set forth in Part II of the text.

which establishes rules and timetables for the prosecution of territorial crimes tried in that court and imposes sanctions for violation thereof.

## IV.

We next consider whether the Speedy Trial Plan adopted by the District Court of the Virgin Islands and approved by the Judicial Council on June 26, 1980 applies to territorial offenses tried in the district court.

The Plan contains the following provisions:

II. *STATEMENT OF TIME LIMITS AND PROCEDURES FOR ACHIEVING PROMPT DISPOSITION OF CRIMINAL CASES*

Pursuant to the requirements of Rule 50(b) of the Federal Rules of Criminal Procedure, the Speedy Trial Act of 1974 (18 U.S.C. Chapter 208), the Speedy Trial Act Amendments Act of 1979 (Pub.L. No. 96–43, 93 Stat. 327), and the Federal Juvenile Delinquency Act (18 U.S.C. §§ 5036, 5037), the judges of the District Court of the Virgin Islands have adopted the following time limits and procedures to minimize undue delay and to further the prompt disposition of criminal cases and certain juvenile proceedings:

1. *Applicability*

(a) *Offenses.* The time limits set forth herein are applicable to all criminal offenses triable in this court,* including cases triable by United States magistrates, except for petty offenses as defined in 18 U.S.C. § 1(3). Except as specifically provided, they are not applicable to proceedings under the Federal Juvenile Delinquency Act. [§ 3172].

---

* 18 U.S.C. § 1372 [sic, actually § 3172] defines offense as "any Federal criminal offense which is in violation of any Act of Congress ..." The district courts with jurisdiction over offenses created by other legislatures will wish to consider the extent to which Speedy Trial Act standards should be applied to trials for such offenses.

---

4. This footnote, which was included in the Model Speedy Trial Plan prepared by the Administrative Office of the United States Courts, was

We need not decide whether the broad all-encompassing language in the text of the Plan making it applicable "to all criminal offenses triable in this court" is limited by the footnote referring to the definition of "offense" in the Speedy Trial Act.[4] That is because a subsequent section of the Plan dealing with the issue involved in this case, the failure to file an information within 30 days of Bryan's arrest, unambiguously sets forth its applicability to territorial crimes. That section provides:

3. *Time Within Which an Indictment or Information Must Be Filed.*

(a) *Time Limits.* If an individual is arrested or served with a summons and the complaint charges an offense to be prosecuted in this district, any indictment or information subsequently filed in connection with such charge shall be filed within 30 days of arrest or service [§ 3161(b)].

(b) *Measurement of Time Periods.* If a person has not been arrested or served with a summons on a Federal or Territorial charge, an arrest will be deemed to have been made at such time as the person (i) is held in custody solely for the purpose of responding to a Federal or Territorial official charge; (ii) is delivered to the custody of a Federal or Territorial official in connection with a Federal or Territorial charge; or (iii) appears before a judicial officer in connection with a Federal or Territorial charge.**

---

** The District Court of the Virgin Islands hereby adopts this plan in compliance with Rule 50(b), thus extending all Speedy Trial Act standards to proceedings resulting from criminal offenses which are in violation of statutes enacted by the Virgin Islands Legislature.

■ Because the language of the Virgin Islands Plan with respect to its coverage of territorial crimes, at least insofar as it establishes the time within which an indictment or information must be filed, is neither general nor vague, it does not suffer from the defect in the Plan considered in *United States v. Felton*, 811 F.2d at 196,

obviously included by oversight in the Virgin Islands Plan itself.

which the court held gave "neither guidance nor notice to either trial judge or counsel." The text of the provision explicitly refers to both federal or territorial charges, and the footnote expressly extends the standards which the Plan adopts from the Speedy Trial Act to criminal offenses which are in violation of statutes enacted by the Virgin Islands Legislature. Accordingly, both the government and the bar have had ample notice of the applicability of at least this provision of the Plan to all cases tried in the District Court of the Virgin Islands. We hold, therefore, that the district court did not err in looking to the terms of the Plan as establishing the time within which Bryan was required to be charged.

**V.**

Finally, we must consider whether the district court abused its discretion in dismissing the charge against Bryan with prejudice.

In the sanction provision of the Virgin Islands Plan, it is provided that "nothing in this plan shall be construed to require that a case be dismissed or a defendant released from custody in circumstances in which such action would not be required by 18 U.S.C. §§ 3162 and 3164 [of the Speedy Trial Act]." Although the Speedy Trial Act and its sanctions are not by their own terms applicable to territorial offenses tried in the District Court of the Virgin Islands, nothing prevents that court from incorporating into its Plan the timetables and the sanctions applicable thereto from the Speedy Trial Act. This Plan does so. We reject the U.S. Attorney's contention that "the Plan does not contain the teeth of the Act," Appellant's Brief at 17. Accordingly, we must look to the applicable statutory provision for sanctions to ascertain whether the dismissal with prejudice in this case was appropriate.

The Speedy Trial Act provides that in determining whether to dismiss the case with or without prejudice when the information or indictment is not filed within the required time limit, the court shall consider, *inter alia*, the following factors: the

seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. 18 U.S.C. § 3162(a)(1). *See United States v. Carrasquillo*, 667 F.2d 382, 390 (3d Cir.1982).

■ Even without such a controlling provision, we would anticipate that no criminal proceeding would be dismissed with prejudice without the court having considered and balanced the length of the delay, the reasons for the delay, and the prejudice from the delay to defendant. *See, e.g., United States v. Simmons*, 536 F.2d 827, 837 (9th Cir.), *cert. denied*, 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976); *United States v. Rodriguez*, 497 F.2d 172 (5th Cir. 1974) (both requiring balancing of factors in cases arising before applicability of Speedy Trial Act).

■ When a district court dismisses an information or indictment with prejudice because there has been a failure to comply with the time requirements of the Speedy Trial Act, the court must state its reasons on the record setting forth fully the balancing which is required before such an action can be taken. Only with the benefit of the district court's reasoning will we be able to fulfill our appellate function. In this case there is no indication that the district court considered any of the statutory factors in dismissing the information against Bryan with prejudice. Instead, the only reason given by the district court for dismissing with prejudice was its "hope the government would take it and let the circuit court say whether the Speedy Trial Act applies or not." App. at 20. It is therefore evident that the order must be vacated and the case remanded to the district court so that it can consider the relevant factors and make the required on record balancing.

**VI.**

In summary, we have concluded that (1) the Speedy Trial Act does not apply by its own terms to territorial offenses tried in the District Court of the Virgin Islands; (2)

the district court had the power to promulgate a Speedy Trial Plan, approved by the Circuit Judicial Council, which extended the provisions of the Plan to territorial offenses tried in that court[5]; (3) the provisions of the Speedy Trial Plan for the disposition of criminal cases in the District Court of the Virgin Islands, approved by the Circuit Judicial Council June 26, 1980, establishing the time within which an indictment or information must be filed apply to territorial offenses tried in the District Court[6]; (4) the district court abused its discretion in dismissing with prejudice the information against Bryan because the court failed to engage in an on the record balancing of the factors which must be considered before an information or indictment is dismissed with prejudice.

For the foregoing reasons, we will vacate the order of the district court dismissing the information with prejudice, and will remand for further proceedings consistent with this opinion.

See also, D.C., 642 F.Supp. 468.

---

**5.** We have no occasion to consider whether the District Court retains the power to establish a Speedy Trial Plan for the Territorial Court. In any event, it is a matter which the Legislature of the Virgin Islands may wish to address.

**6.** The District Court may want to review the language in its Plan in light of this opinion.