**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**GUY HENRY, Defendant**

Criminal No. 90-61

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 1, 1990

AZEKAH E. JENNINGS, ESQ., Assistant United States Attorney, St. Thomas, V.I., *for plaintiff*

THURSTON T. MCKELVIN, ESQ., Acting Federal Public Defender, St. Thomas, V.I., *for defendant*

CARTER, *District Judge*

## MEMORANDUM OPINION AND ORDER

### I.

Defendant is charged with robbery in the second degree and possession of stolen property. These crimes allegedly occurred on January 21, 1990. Defendant was arrested on March 29, 1990 and arraigned on March 30, 1990. A two-count information was filed on April 4, 1990.

On May 10, 1990, the day set for trial, the government moved in open court to dismiss the information without prejudice on the ground that the marshal had been unable to serve notice of the hearing on the victim. Defendant opposed the motion. The government's motion was granted by Judge Clifford Scott Green on condition that a new information must be filed or a motion to reinstate the information must be made on or before July 20, 1990. If these conditions

were not met, the information was to be dismissed with prejudice on July 23, 1990.

On July 19, 1990, the government moved to reinstate the information. That motion was granted on July 24, 1990, by Judge Joseph J. Farnan, Jr., and the case was set down for trial on September 4, 1990. On September 4, 1990, the defendant did not appear. The matter was continued to the October trial term and set down for trial on October 23, 1990. On October 16, 1990, the government again moved for dismissal of the information without prejudice on the ground that the victim could not be located. The defendant moved for dismissal with prejudice pursuant to the provisions of the Speedy Trial Act, 18 U.S.C.A. §§ 3161 et seq. (West 1990).

## II

Government of the Virgin Islands v. Bryan, 818 F.2d 1069, 1076–77 (3d Cir. 1987) holds "that (1) the Speedy Trial Act does not apply by its own terms to territorial offenses tried in the District Court of the Virgin Islands; (2) the district court had the power to promulgate a Speedy Trial Plan, approved by the Circuit Judicial Council, which extended the provisions of the Plan to territorial offenses tried in that court; [and] (3) the provisions of the Speedy Trial Plan for the disposition of criminal cases in the District Court of the Virgin Islands, approved by the Circuit Judicial Council June 26, 1980, establishing the terms within which an indictment or information must be filed apply to territorial offenses tried in the District Court . . . ."

■ Chapter II, § 3 of the Speedy Trial Plan for the Disposition of Criminal Cases in the District Court of the Virgin Islands ("Plan") requires that an indictment or information must be filed within 30 days of the arrest. Chapter II, § 4 of the Plan provides that the trial of a defendant must commence not later than 70 days from the date of the filing of the information. Chapter II, § 4(d)(3) of the Plan provides:

> If the original indictment or information was dismissed on motion of the United States attorney before the filing of the subsequent charge, the trial shall commence within the time limit for commencement of trial on the original indictment or information, but the period during which the defendant was not under charges shall be excluded from the computations. Such period is the period between the dismissal of the original indictment or information and the date the time would have commenced to run

404

on the subsequent charge had there been no previous charge.* [§ 3161(h)(6)].

Pursuant to the above provision, the Speedy Trial Act began to run in this case on April 4, 1990, with the filing of the information. On May 10, 1990, when the notice for continuance without prejudice was conditionally granted by Judge Green, some 36 days of the 70-day time limit for commencement of defendant's trial had elapsed. The time from May 10 to July 19, 1990, when the information was reinstated, is excluded from speedy trial calculations because the defendant was not under charges. On July 19, 1990, the 70-day limitation period began running again, with July 19, 1990, marking the 37th day. Thus, the time when defendant was required to be brought to trial elapsed on August 22, 1990. Under the government's calculation the time for bringing defendant to trial elapsed on August 27, 1990. In any event, the government and the Court agree that the time limit for bringing the defendant to trial under the Plan had elapsed before the September 4, 1990 date set by Judge Farnan for trial.

The government, while conceding that the time constraints in the Plan had been violated, urges that dismissal without prejudice is nonetheless the appropriate remedy, relying on United States v. Taylor, 487 U.S. 326, 108 S. Ct. 2413, 2417 (1988). There the United States Supreme Court held that the explicit terms of § 3162(a)(2) of the Speedy Trial Act mandate that courts, in determining whether to dismiss a case with or without prejudice, must consider the four following factors: (1) the seriousness of the offense; (2) the facts and circumstances which led to dismissal; (3) the impact of reprosecution on the administration of the Act, and (4) the impact of reprosecution on the administration of justice.

■  There is no doubt that robbery and possession of stolen property are serious offenses. The seriousness of the offenses charged, therefore, favors dismissal without prejudice.

---

* Under the rule of this paragraph, if an indictment was dismissed on motion of the prosecutor on May 1, with 20 days remaining within which trial must be commenced, and the defendant was arrested on a new complaint on June 1, the time remaining for trial would be 20 days from June 1: the time limit would be based on the original indictment, but the period from the dismissal to the new arrest would not count. Although the 30-day arrest-to-indictment time limit would apply to the new arrest as a formal matter, the short deadline for trial would necessitate earlier grand jury action.

■■ As to the facts and circumstances of the dismissal, the government argues that it is not at fault for the delay in bringing this case to trial. I disagree. The government should have known that it was required to commence the defendant's trial in August. Judge Farnan should have been advised by the government that without excluding time, commencement of the trial on September 4, 1990, was too late under the Plan. The prosecution has primary responsibility for implementing the Plan's provisions. No justifiable reason for delaying the trial beyond August 22 or August 27 has been articulated by the government, and the defendant has not been responsible for delays through August 27. On the basis of the record before the Court, the government was either careless and negligent in not adhering to the strictures imposed by the Speedy Trial Plan or simply disregarded the Plan's application to the defendant. The facts and circumstances leading to dismissal would seem to favor dismissal with prejudice.

■ The impact of reprosecution on the administration of the Plan is a negative factor, as well. While I am confident that the government is not guilty of bad faith or prosecutorial misconduct, the government failed to meet its responsibility to bring the defendant to trial within 70 days of the filing of the information. This is not an unduly stringent requirement. The Plan, Chapter II, § 6(a) specifically makes applicable the provisions of § 3161(h) of the Act which provide for a variety of exclusions from the computation of the period within which the defendant must be brought to trial. No action was taken by the government to toll the running of the trial time clock by invoking § 3161(h). Irresponsibility or negligence by the government in implementing the Plan is a highly negative factor which favors dismissal with prejudice.

Finally, in the overall administration of justice, reprosecution would have a neutral impact. The defendant has been at liberty and has evidenced no prejudice to his defense by the delay. Nonetheless, public confidence in the fair administration of the criminal justice system is not furthered by inexcusable delays in bringing a criminal defendant to trial.

Accordingly, on balance the case is dismissed with prejudice. An appropriate order will be entered.

## ORDER

THIS MATTER having come before the Court on motions by both parties for dismissal, and the Court having filed a memorandum opinion of this date, it is hereby

ORDERED:

THAT the motion by defendant Guy Henry for dismissal of the information WITH PREJUDICE is GRANTED.

DATED this 1st day of November, 1990.

