**UNITED STATES, Plaintiff,**

v.

**Elijah MCINTOSH, Defendant.**

**No. CRIM.2002–118.**

District Court, Virgin Islands,
D. St. Thomas and St. John.

Oct. 30, 2002.

Nelson L. Jones, Assistant United States Attorney, for the plaintiff.

Douglas J. Beevers, Assistant Federal Public Defender, for the defendant.

## MEMORANDUM OPINION

MOORE, District Judge.

On September 18, 2002, the parties argued Elijah McIntosh's ["McIntosh" or "defendant"] motion to dismiss Count II of the indictment (charging him with unlawful possession of a firearm in violation of V.I. CODE ANN. tit 14, § 2253(a)) because it violates the District Court of the Virgin Islands Speedy Trial Act of 1974 Plan for the Disposition of Criminal Cases ["Speedy Trial Plan" or "the Plan"]. Because I find that the indictment was filed beyond the thirty-day period mandated by this Court's Speedy Trial Plan and reprosecution of McIntosh would be fundamentally unfair and prejudicial to the administration of justice in the Virgin Islands, I will grant McIntosh's motion and dismiss Count II with prejudice.

## I. PROCEDURAL HISTORY

On April 25, 2002, McIntosh was arrested by the local Virgin Islands Police Department and on May 1, 2002, an information was filed in the Territorial Court charging him with one count of unlawful possession of a firearm in violation of 14 V.I.C. § 2253(a). On June 27, 2002, the grand jury handed up an indictment in this Court, charging McIntosh in Count I with the federal crime of possession of a handgun by a felon (violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)), and in Count II with the local crime of unlawful possession of a firearm (violation of 14 V.I.C.

§ 2253(a))—the identical charge then still pending against him in the Territorial Court. Only after he had been arraigned on the indictment returned in this Court was the local gun charge dismissed in the Territorial Court, without prejudice.

McIntosh moves to dismiss Count II, arguing that the charge violates the Speedy Trial Plan implemented by this Court because the indictment was filed more than thirty days after his arrest. The United States argued that the speedy trial clock should not have begun to run until July 11, 2002, when McIntosh was arrested by *federal* law enforcement officials, as opposed to April 25, 2002, the date on which the defendant was arrested by Virgin Islands police officers. According to the United States, Count II was timely filed and should not be dismissed.

## II. DISCUSSION

### A. Pursuant to this Court's Speedy Trial Plan, Count II will be Dismissed Because it was Filed More than Thirty Days after McIntosh's Arrest

 This Court's criminal jurisdiction is unique because it encompasses the prosecution of purely local offenses when there is an accompanying federal charge that arises out of the same conduct. In 1984, Congress amended the Revised Organic Act, which functions as the Virgin Islands "Constitution," to allow the Virgin Islands Legislature to transfer jurisdiction over all local criminal offenses and civil causes of action from this Court to the Territorial Court.[1] As of January 1, 1994, the Terri-

1. *See* section 21(b) of the Revised Organic Act of 1954, 48 U.S.C. § 1611(b):

The legislature of the Virgin Islands may vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and laws of the United States does not have

torial Court assumed original jurisdiction over all criminal violations of the Virgin Islands Code.[2] Congress also provided that this Court would continue to exercise concurrent jurisdiction over purely local offenses even after the Territorial Court took original jurisdiction over all local crimes, so long as the facts also support a federal offense cognizable in this Court. *See* Section 22 of the Revised Organic Act; 48 U.S.C. § 1612(c).[3] This atavistic reminder of our continuing colonial status gives rise to issues which cannot arise in a United States district court, because the District Court of the Virgin Islands, as the Revised Organic Act and its jurisprudence makes clear, is not a federal court. It is a territorial court which has been anointed by Congress with the jurisdiction of a United States district court.[4]

Notwithstanding this jurisdictional melee, the federal Speedy Trial Act, 18 U.S.C. §§ 3161–3174 ["the Act"], applies to the prosecution of federal offenses in the District Court of the Virgin Islands, including the Act's requirement that a criminal indictment or information be filed within thirty days of an arrest and its provision for the dismissal for failure to do so within this time limit. 18 U.S.C. §§ 3161(b), 3162(a)(1). The Act does not apply of its own force, however, to the prosecution of *Virgin Islands offenses* in this Court. *See Government of the Virgin Islands v. Bryan,* 818 F.2d 1069, 1072 (3d Cir.1987) (en banc). As a result, this Court adopted a Speedy Trial Plan to establish rules and timetables for the prosecution of territorial crimes in the District Court of the Virgin Islands.[5]

---

exclusive jurisdiction. Such jurisdiction shall be subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by section ... [22](c) of this Act.

The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted in* V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. CODE ANN. tit. 1) ["Revised Organic Act"].

2. *See* 4 V.I.C. § 76(b)(1) & (c).

3. Congress apparently lacked full confidence in the ability of Virgin Islands prosecutors and judges to prosecute competently their own local criminal offenders, as there is no other reason justifying this Court's continuing jurisdiction over these purely local offenses. Under § 22(c); 48 U.S.C. § 1612(c):

The District Court of the Virgin Islands shall have *concurrent jurisdiction* with the courts of the Virgin Islands established by local law *over those offenses against the criminal laws of the Virgin Islands,* whether felonies or misdemeanors or both, which are of the same or similar character or part of, or based on, the same act or transaction or two or more acts or transactions con-

nected together or constituting part of a common scheme or plan, *if such act* or transaction or acts or transactions *also constitutes* or constitute *an offense* or offenses *against one* or more *of the statutes over which the District Court of the Virgin Islands has jurisdiction pursuant to subsections (a) and (b) of this section.* (emphasis added).

4. *See* Revised Organic Act § 21(a) ("The judicial power of the Virgin Islands shall be vested in a court of record designated the 'District Court of the Virgin Islands' established by Congress ") and § 22(a) ("The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States"), 48 U.S.C. §§ 1611(a) & 1612(a); *e.g., United States v. George,* 625 F.2d 1081, 1089 (3d Cir.1980) (Maris, J.)(noting that the District Court of the Virgin Islands is "a territorial and not a federal court.").

5. The Plan was adopted and approved by the Judicial Council in 1980 and remains in effect today. *See Government of the Virgin Islands v. Francis,* 98 F.R.D. 626, 628 (D.Vi. 1983) (noting some confusion over period of time during which the Plan was suspended, but concluding that "from February 18, 1982, onward, the Plan is in full effect with respect to all time limits as well as all sanc-

The Plan extends the Speedy Trial Act to local crimes tried in this Court: "The District Court of the Virgin Islands hereby adopts this plan in compliance with Rule 50(b), thus extending all Speedy Trial Act standards to proceedings resulting from criminal offenses which are in violation of statutes enacted by the Virgin Islands Legislature." (Speedy Trial Plan, Chapter II, § 3(b) n*.) The Plan provides:

3. *Time Within Which an Indictment or Information Must Be Filed.*

(a) *Time Limits.* If an individual is arrested or served with a summons and the complaint charges an offense to be prosecuted in this district, any indictment or information subsequently filed in connection with such charge shall be filed within 30 days of arrest or service [§ 3161(b)].

(*Id.*, Chapter II, § 3(a).)

█ McIntosh invokes this thirty-day limit incorporated in this Court's Speedy Trial Plan. He submits that the local offense charged against him in Count II accordingly must be dismissed because it was filed nearly sixty days after his arrest on this same territorial gun charge. Territorial law enforcement agents arrested McIntosh for possessing a gun in violation of 14 V.I.C. § 2253(a) on April 25, 2002. Nearly sixty days later—on June 27, 2002—the grand jury returned and filed the indictment formally charging him with this crime in Count II. Since the United States has not raised any of the exclusions to this time limit of 18 U.S.C. § 3161(h), which were also incorporated in the Plan (Speedy Trial Plan, Chapter II, § 6(a)),

and I find that none apply, I must dismiss Count II of the indictment charging McIntosh with unlawfully possessing a firearm in violation of 14 V.I.C. § 2253(a).

**B. Count II will be Dismissed with Prejudice Because any Reprosecution of McIntosh for violating 14 V.I.C. § 2253(a) would Allow the Government to Circumvent the Speedy Trial Act**

█ Having concluded that this Court's Speedy Trial Plan requires the dismissal of Count II of the indictment, I must now determine whether to dismiss this Count with or without prejudice. Under the Speedy Trial Plan, as under the Speedy Trial Act, I am to consider three factors: (1) the seriousness of the offense charged; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. *See* Speedy Trial Plan, Chapter II section 10(a), incorporating 18 U.S.C. § 3162(a)(1); *see also United States v. Taylor,* 487 U.S. 326, 333, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). No single factor is dispositive; rather, "the appropriate inquiry is whether the factors, considered as a whole, permit dismissal with prejudice." *See Robinson v. Schneider,* 893 F.Supp. 490, 498 (D.V.I. 1995).

█ First, I acknowledge that the local offense with which McIntosh is charged, unlawful possession of a firearm, is a serious offense. Because the government has

---

tions"). The authority to promulgate and enforce such a Plan stems from Federal Rule of Criminal Procedure 50(b) (enabling federal courts to prepare plans "for the prompt disposition of criminal cases in accordance with the provisions of" the Speedy Trial Act), made applicable to the and 28 U.S.C. § 332(d)(1) (requiring circuit judicial coun-

cils to "make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit"). *See Bryan,* 818 F.2d at 1073–74. The United States Court of Appeals for the Third Circuit has approved the application of the Plan to purely local crimes prosecuted in this Court. *See id.* at 1073–76.

charged him with the equivalent federal crime under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), however, dismissal with prejudice of the local count will not result in the crime going unprosecuted. Second, after McIntosh was timely charged with unlawful possession of a firearm in Territorial Court, the United States chose to remove the offense to this Court and to voluntarily dismiss in the Territorial Court. The untimeliness of the indictment charging McIntosh with Count II in this Court was caused solely by the strategic decision of the United States and not by any circumstance beyond its control. As a result, the government must suffer the consequences of its actions.

The third factor, the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, is of great concern. First, section 22(c) of the Revised Organic Act would not allow the United States to seek a separate, new indictment against McIntosh on the local gun charge. McIntosh could be reindicted in this Court on the local gun charge only if the United States voluntarily dismissed the federal gun charge and re-presented both to the grand jury. This course of action, however unlikely it might be, would appear to raise speedy trial issues of its own. Thus, dismissal of Count II might prompt the prosecution of McIntosh on the local gun crime once again in the Territorial Court. Either scenario clearly would violate the spirit of this Court's Speedy Trial administration of justice in the Virgin Islands. As I have noted before with respect to the shared criminal jurisdiction between this Court and the Territorial Court, "{n]owhere is the potential for manipulation more evident than in the speedy trial context." *See Robinson*, 893 F.Supp. at 495.

Balancing all three factors as outlined above, I conclude that the second two,

namely, the facts and circumstances of the case which led to the dismissal and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of the Speedy Trial Act and on the administration of justice, clearly outweigh the first factor, namely, the seriousness of the offense charged. This is especially true since McIntosh still faces prosecution in this Court on the virtually identical federal gun charge. Dismissal with prejudice is required to preserve the integrity of the administration of the Speedy Trial Act and the administration of justice in the Territory of the Virgin Islands. Court II of the indictment therefore will be dismissed with prejudice.

## III. CONCLUSION

The United States caused an indictment charging McIntosh in Count II with unlawfully possessing a firearm, in violation of 14 V.I.C. § 2253(a), to be filed more than thirty days after he was arrested on that offense. Because the United States failed to bring this indictment within the time limit established by this Court's Speedy Trial Plan, I will dismiss Count II. Furthermore, because I find that any reprosecution of McIntosh on this charge would make a travesty of both the Speedy Trial Act and the administration of justice in the Virgin Islands, I will dismiss the count with prejudice.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion of even date, Count II of the indictment charging Elijah McIntosh with unlawfully possessing a firearm, in violation of 14 V.I.C. § 2253(a), is hereby **DISMISSED WITH PREJUDICE.**