UNITED STATES of America

v.

Mordechai KRASELNICK, et al., Defendants.

Crim. No. 88–16 (SSB).

United States District Court, D. New Jersey.

Dec. 22, 1988.

Kevin McNulty, Asst. U.S. Atty., Newark, N.J., for U.S.

Fleming, Merrill, Roth & Russell by Cathy Fleming, Newark, N.J., for defendant Bart.

Frederick W. Klepp, Cherry Hill, N.J., for defendant Kraselnick.

OPINION

BROTMAN, District Judge.

Presently before the court are the motions of defendants Mordechai Kraselnick and Allan M. Bart to dismiss their indictment for violation of the Speedy Trial Act,

18 U.S.C. § 3161 *et seq.* For the reasons discussed below, defendants' motions are denied.

## I. FACTS AND PROCEDURE

On January 22, 1988, a federal grand jury returned a five-count indictment against defendants Kraselnick and Bart as well as against the Village Bank and John Bjerke, Executive Vice President and Senior Loan Officer of the Bank. Count One charged defendants with conspiring to fail and causing the Bank to fail to file CTRs for cash transactions in excess of $10,000, in violation of 18 U.S.C. § 371. Counts Two through Five charged defendants with concealing and causing to be concealed reportable transactions in cash from the Internal Revenue Service, in violation of 18 U.S.C. §§ 2 and 1001.

Defendants were arraigned before this court on February 19, 1988, and trial was set for April 18, 1988. At the arraignment the court set a 30–day limit for the filing of pre-trial motions, a limit which was extended three times at the request of defense counsel. On March 30, 1988, defendant Kraselnick filed motions to dismiss the indictment and to compel disclosure of grand jury testimony. On April 7, 1988, defendant Bart filed motions (1) to dismiss the indictment because each count allegedly failed to charge an offense; (2) to dismiss the indictment because the underlying statute and regulations are unconstitutionally vague; (3) to dismiss the indictment because the prosecution withheld substantial exculpatory evidence; (4) to dismiss the indictment for unconstitutional preaccusation delay; (5) to redact all references in the indictment to "Columbian" persons and corporations; (6) to require the government to comply with discovery requests; and (7) to allow the defendant to make further pretrial motions. On April 14, 1988, defendant Kraselnick joined in Bart's pretrial motions and filed supplemental papers in support of each of the motions. The government filed its response to defendants' motions on April 18, 1988, and oral argument was scheduled for May 6, 1988.

At oral argument on May 6, 1988, the court granted three of defendants' motions but reserved decision on the others, including the several motions to dismiss the indictment. On June 13, before a decision had been rendered on the reserved motions, the Third Circuit handed down its decision in *United States v. Mastronardo,* 849 F.2d 799 (3d Cir.1988), a decision of which this court was first made aware on June 23, 1988. On June 17, 1988, the government filed pretrial motions (a) for reciprocal discovery; (b) to preclude defendant Bart from making any *Bruton* motions; and (c) requiring defendants to produce *Jencks* material.

On July 8, 1988, the court directed the parties to prepare additional briefing on the defendants' motions to dismiss, focusing on the Third Circuit's decision in *Mastronardo.* These submissions, as well as defendants' responses to the government's motions, were complete on July 21, 1988. The court scheduled oral argument on the outstanding motions for September 16, 1988, but on August 30, 1988, counsel for defendant Kraselnick notified the court that he would be unable to attend the September 16 hearing. As a result, the court—with the consent of all parties—rescheduled oral argument for October 14, 1988.

Oral argument was held on October 14, 1988, and the court issued a lengthy opinion on December 1, 1988, which, *inter alia,* denied all of defendants' motions to dismiss, 702 F.Supp. 480. Trial was scheduled for December 12, 1988, but defendant Kraselnick brought his motion to dismiss the indictment for violation of the Speedy Trial Act on December 6, 1988, with defendant Bart following suit on December 12, 1988. According to both defendants, under their "most charitable" interpretation, the Speedy Trial time had expired on November 28, 1988.

## II. DISCUSSION

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* states, in pertinent part:

(c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment

with the commission of an offense shall commence within *seventy days* from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1) (emphasis added). However, the statute and the case law interpreting the statute provide for certain "excludable" periods of time which are not counted in computing the seventy-day limit. For example, § 3161(h)(1)(F) excludes any period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." The Supreme Court, in its seminal decision on the Speedy Trial Act, has unequivocally delineated the boundaries of § 3161(h)(1)(F):

> We instead hold that Congress intended subsection (F) to exclude from the Speedy Trial Act's 70–day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is "reasonably necessary."

*Henderson v. United States*, 476 U.S. 321, 330, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 299 (1986). Furthermore, § 3161(h)(1)(J) excludes any period of delay "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." In *Henderson*, however, the Supreme Court held that § 3161(h)(1)(F) effectively trumps § 3161(h)(1)(J) when a court has held a hearing on a motion but is still unprepared to decide it:

> The provisions of the Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion. District courts often find it impossible to resolve motions on which hearings have been held until the parties have submitted posthearing briefs or additional factual materials, especially where the motion presents complicated issues.... We therefore hold that subsection (F) excludes time after a hearing

has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion.

476 U.S. at 331, 106 S.Ct. at 1877 (citations omitted). Some additional excludable periods, read into the statute by our sister courts, are also relevant to this case.

First, the trigger date (either indictment or arraignment) is not counted in the 70–day calculation; "day 1" is the day after the trigger event. *See United States v. Severdija*, 723 F.2d 791 (11th Cir.1984); *United States v. Haiges*, 688 F.2d 1273 (9th Cir.1982). In addition, both the date on which a motion is filed or an excludable event occurs and the date on which the court disposes of a motion are excluded. *See United States v. Yunis*, 723 F.2d 795 (11th Cir.1984); *United States v. Campbell*, 706 F.2d 1138 (11th Cir.1983).

Second, and more important, several courts have held, and this court agrees, that the 30–day "under advisement" limitation of § 3161(h)(1)(J) was not intended by Congress to apply to cases where the court has taken numerous motions of various defendants under advisement. Indeed, the Seventh Circuit recently noted the imprudence of requiring a court to decide a plethora of motions within the same time allowed for deciding only one motion:

> [W]e are unwilling to impute to Congress a purpose, nowhere stated or even hinted at by it, to require a judge to decide a collection of pretrial motions within 30 days, no matter how many there are. [Defendant] filed seven pretrial motions; but he could have filed 10, or 50, or 100 ... and the logic of his argument is that, however many he filed, the court still had only 30 days in which to decide them unless it granted a continuance meeting the requirements of section 3161(h)(8).

*United States v. Tibboel*, 753 F.2d 608, 612 (7th Cir.1985); *see also United States v. Anello*, 765 F.2d 253, 257 (1st Cir.) ("As a practical matter, it may be impossible for a court to decide 10 or 100 motions, all within the same thirty-day period."), *cert. denied*, 474 U.S. 996, 106 S.Ct. 411, 88 L.Ed.2d 361

(1985); *United States v. Latham,* 754 F.2d 747 (7th Cir.1985).[1]

It seems clear that a slight delay while a court carefully considers and decides a legion of pretrial motions is preferable to the court deciding the motions with one eye— or perhaps both eyes—on the clock. As the *Tibboel* court stated:

> Bearing in mind that ... criminal defendants will be ill-served by a procedure that compels the district judge (unless he grants a section 3161(h)(8) continuance within the 30–day period) to decide their pretrial motions, however numerous, within a short, fixed period of time, we hold that in a case of multiple pretrial motions the limitation is not 30 days, but reasonable promptness, as under F.

753 F.2d at 612.

With the above exposition of Speedy Trial law in mind, the court now calculates the number of nonexcludable days before defendants' trial.[2] The defendants were arraigned on February 19, 1988. Therefore, the first day of the 70–day Speedy Trial period was February 20, 1988. The next excludable day was March 30, 1988, the day that defendant Kraselnick filed his pretrial motions.[3] Therefore, the number of non-excludable days between—but not including—February 19 and March 30, 1988, is thirty-nine (39) (the court notes that February 1988 had 2<u>9</u> days).

■ The entire period from March 30, 1988, up to and including May 6, 1988—the first oral argument on the motions—is excludable under § 3161(h)(1)(F). In addition, the 30 days from May 6, 1988, up to and including June 5, 1988, are excludable under § 3161(h)(1)(J). Furthermore, given the numerous motions and grounds for relief advanced by the defendants, the pains taken by each defendant to distinguish his case from his codefendant's, and the novel question of law in this Circuit presented by the defendants' arguments regarding the unconstitutional vagueness of the Reporting Act, the court feels that the *Tibboel/Anello/Latham* doctrine should apply. Therefore, the period between and including June 6 and July 8, 1988,[4] is excludable as time needed by the court to resolve the numerous pretrial motions of defendants.[5]

■ On June 17, 1988, the government filed its pretrial motions. These motions

---

1. The Third Circuit, in *United States v. Felton,* 811 F.2d 190 (3d Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 3235, 97 L.Ed.2d 740 (1987), has expressly reserved on the issue raised in these cases:

   > In view of our disposition of this case, we need not, and do not, decide whether the filing of multiple motions extends the thirty-day limit set out in subsection (J).
   >
   > *Id.* at 197.

2. The government argues that both defendants waived their right to contend that the Speedy Trial Act has been violated because their motions were not filed within the time period required by Rule II(4)(f)(8) of the Speedy Trial Plan for the District of New Jersey. However, because this opinion disposes of defendants' motions on the merits, we will not address the waiver issue.

3. Neither defendant disputes that the tolling of the Speedy Trial clock by one defendant tolls it as to his codefendants. *See United States v. Zielie,* 734 F.2d 1447 (11th Cir.1984), *cert. denied,* 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985); *United States v. Piteo,* 726 F.2d 50 (2d Cir.1983), *cert. denied,* 466 U.S. 905, 104 S.Ct. 1682, 80 L.Ed.2d 156 (1984); *United States v. Stafford,* 697 F.2d 1368 (11th Cir.1983).

4. July 8, 1988, is the date that the court requested additional briefing on the defendants' motion to dismiss based on the Third Circuit's decision in *United States v. Mastronardo,* 849 F.2d 799 (3d Cir.1988).

5. As mentioned earlier, on March 30, 1988, defendant Kraselnick filed motions to dismiss the indictment and to compel disclosure of grand jury testimony. On April 7, 1988, defendant Bart filed motions (1) to dismiss the indictment because each count allegedly failed to charge an offense; (2) to dismiss the indictment because the underlying statute and regulations are constitutionally vague; (3) to dismiss the indictment because the prosecution withheld substantial exculpatory evidence; (4) to dismiss the indictment for unconstitutional preaccusation delay; (5) to redact all references in the indictment to "Columbian" persons and corporations, ■ to require the government to comply with discovery requests; and (7) to allow the defendant to make further pretrial motions. On April 14, defendant Kraselnick joined in Bart's pretrial motions and filed supplemental papers in support of each of the motions.

were originally returnable on July 8, 1988, but the return date was adjourned *at the request of counsel for defendant Bart,* and subsequently rescheduled for September 16, 1988. The September 16, 1988, hearing date was then adjourned *at the request of counsel for defendant Kraselnick,* and rescheduled for October 14, 1988.[6] Therefore, the entire period from June 17, 1988, up to and including October 14, 1988, is excludable under § 3161(h)(1)(F). In addition, when the court decided on July 8, 1988, that additional briefing and argument were needed on the defendants' motions to dismiss in light of the *Mastronardo* decision, the entire period from July 8 up to and including October 14, 1988, became excludable under the Supreme Court's decision in *United States v. Henderson,* 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986).

Once again, § 3161(h)(1)(J) excluded the 30–day period from October 15, 1988, to November 13, 1988, inclusive, from Speedy Trial computation as the court took the defendants' and the government's motions under advisement. On November 14, 1988, the *Tibboel/Anello/Latham* doctrine was reactivated due to the numerous motions and novel question of law presented by the defendants' motions to dismiss, especially in light of the *Mastronardo* decision. This court does not find the extra 17 days it took to consider carefully and decide three government motions and four separate motions by each defendant[7] (one based on four separate grounds), where each defendant had distinguished his position from the other, and where the court was presented with an issue of first impression in this Circuit, to violate the Speedy Trial Act or the defendants' rights. The alternative—a hasty decision on pivotal motions in a criminal case—is simply unacceptable.

The Court filed its opinion on December 1, 1988, and the Speedy Trial Clock thus began to run again on December 2.

On December 6, 1988, the government moved for a continuance and defendant Kraselnick filed his Speedy Trial motion the same day. Either filing had the effect of stopping the Speedy Trial clock once again. Therefore, between December 2, 1988, and December 5, 1988, inclusive, four (4) more non-excludable days passed. When added to the 39 days which passed in February and March, 1988, the total of non-excludable days is *43*—27 days short of the Speedy Trial limit. The government's motion for a continuance was denied on December 12, 1988, the same day that trial commenced. Thus, no more non-excludable days passed between December 6, 1988, and December 12, 1988. The trial, therefore, began on time and the Speedy Trial Act was not violated.

### III. CONCLUSION

For the reasons stated above, the motions of defendants Mordechai Kraselnick and Allan M. Bart to dismiss their indictments on Speedy Trial grounds is denied.

---

**6.** The court finds it odd that defendants should contest the validity of the delay in conducting the second oral argument on the motions when the delay was in large measure caused by their requests for postponement.

**7.** After filing his motions on March 30, 1988, defendant Kraselnick joined in defendant Bart's more numerous and extensive motions filed on April 7, 1988.