**UNITED STATES of America**

v.

**James Edward MALOY.**

**No. 93–17–CR–T–23A.**

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 5, 1993.

1374

Monte Richardson, Asst. U.S. Atty., Tampa, FL, for plaintiff.

Robert A. Samartin, Galantino & Samartin, P.A., Tampa, FL, for defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

MERRYDAY, District Judge.

Before the Court is "Defendant's Motion to Dismiss Indictment for Violation of Title 18 U.S.C. Section 3161, et seq.—'Speedy Trial Act'" (Doc. 44), filed on July 22, 1993, to which the United States filed a response (Doc. 48) on July 30, 1993. The Court conducted a hearing on July 30, 1993, at which the defendant, James Edward Maloy, was present. Maloy contends that the Court must dismiss the charges against him because, in violation of 18 U.S.C. § 3161(c)(1), his trial did not begin within seventy (70) days of the filing date of the indictment. Because the Court finds that Maloy was not tried within the statutory speedy trial period, the Court dismisses the charges against him without prejudice.

■ "Where the defendant is arrested and makes an initial appearance before a magistrate prior to indictment, the seventy-day period runs from the date of his later indictment." *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir.1984); *see also United States v. Severdija*, 723 F.2d 791, 792 (11th Cir.1984); *United States v. Carrasquillo*, 667 F.2d 382, 384 (3rd Cir.1981). Maloy first appeared before a judicial officer of this Court on December 30, 1992 (*see* Doc. 7). The original indictment was filed on January 22, 1993. Because the date of indictment is later than the date of first appearance, the seventy-day speedy trial period ran from the date of the indictment, January 22, 1993. However, the date of the indictment is excluded from the speedy trial calculation. *See Severdija*, 723 F.2d at 793 (citing *United States v. Campbell*, 706 F.2d 1138, 1139 (11th Cir.1983)). Accordingly, the first day of the seventy-day period was January 23, 1993.

■ On February 10, 1993, Maloy and his co-defendant were arraigned and the Court set the case for a status conference on

March 17, 1993, and for trial during the term commencing April 5, 1993 (*see* Docs. 16 & 17). The day of the arraignment is excluded from the speedy trial period under 18 U.S.C. § 3161(h)(1) as "other proceedings concerning the defendant." *See Severdija,* 723 F.2d at 793 (citing *Campbell,* 706 F.2d at 1139 n. 1). On March 17, 1993, the Court conducted the status conference to determine if the case was ready for trial in April. At the status conference, counsel for the United States stated that the United States intended to seek a superseding indictment and therefore that the case was not ready for trial in April (*see* Doc. 22). The Court did not place the case on the April trial calendar. The day of the status conference is excluded from the speedy trial period.

■ On April 2, 1993, the superseding indictment was filed. The superseding indictment added one count to the original indictment. That count, Count One, charged Maloy's co-defendant, Bernard Farris Mixon, with possession of a firearm by a convicted felon.[1] Maloy was not charged in the added count. The remaining counts, Counts Two through Six, were identical to Counts One through Five of the original indictment. Maloy was charged in Counts One and Four of the original indictment and in Counts Two and Five of the superseding indictment. Those counts charge that the defendants conspired to possess and possessed fifty (50) grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2. The day the superseding indictment was returned is excluded from the speedy trial period.

■ Relying primarily on *United States v. Lattany,* 982 F.2d 866 (3rd Cir.1992), the United States argues that a fresh seventy-day period commenced upon the return of the superseding indictment. In *Lattany,* the court notes in footnote seven that "If [a superseding indictment] charges a new offense that did not have to be joined with the original charges, then the [superseding indictment] commences a new, independent speedy trial period." *Lattany,* 982 F.2d at 872. This proposition is both *obiter dictum*

and somewhat ambiguous because the note leaves unresolved whether the "new, independent speedy trial period" applies only to the newly alleged offense. In any event, neither *Lattany* nor the cases on which it relies control the speedy trial determination in the present case.

■ Instead, the Court follows other circuits, which hold as follows:

> The filing of a superseding indictment does not affect the speedy-trial clock for offenses charged in the original indictment or any offense required under double jeopardy principles to be joined with the original offenses. The seventy-day speedy-trial period continues to run from the date of the original indictment or arraignment, whichever is later, and all speedy-trial exclusions apply as if no superseding indictment had been returned.

*United States v. Gonzalez,* 897 F.2d 1312, 1316 (5th Cir.1990), *cert. denied* 498 U.S. 1029, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991); *see also United States v. Thomas,* 788 F.2d 1250, 1258 (7th Cir.) ("The superseding indictment does not affect the running of the time on the three charges that were in the original indictment as well as the superseding indictment"), *cert. denied,* 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986); *United States v. Piontek,* 861 F.2d 152, 154 (7th Cir.1988) (restating the holding in *Thomas* that "a superseding indictment does not affect the seventy-day period for charges that were in the original indictment"); *United States v. Marshall,* 935 F.2d 1298, 1302 (D.C.Cir.1991) ("As a general rule, the filing of the superseding indictment does not affect the speedy trial timetable for offenses either charged in the original indictment or required under double jeopardy principles to be joined with such charges").

The offenses charged against Maloy in the superseding indictment are identical to the offenses charged against Maloy in the original indictment. Therefore, the speedy trial period continued to run from the date of the original indictment. Excluding the days mentioned already as "excludable," the sev-

---

1. Mixon pleaded guilty to Count One of the superseding indictment on June 24, 1993 (*see* Doc.

38). The remaining counts against him are to be dismissed at sentencing.

enty-day speedy trial period ran on April 5, 1993. Because Maloy's trial did not begin on or before that date, the charges against him must be dismissed.

■ As the cited authority demonstrates, the speedy trial calculation would not be different if Maloy had been named in the added count of the superseding indictment. Although "a superseding indictment may add to a defendant's burden in preparing for trial," the prospect of that burden does not act automatically to reset or toll the speedy trial period for charges contained in the original indictment. *See United States v. Rojas–Contreras,* 474 U.S. 231, 240, 106 S.Ct. 555, 560, 88 L.Ed.2d 537 (1986) (Blackmun, J., concurring). "In the event of additional charges, or of material changes, a defendant well may need additional preparation time. Under the [Speedy Trial] Act, a defendant then may seek an 'ends of justice' continuance, to be granted in the discretion of the trial court" to ensure adequate preparation time. *Id.* This continuance would be excluded from the speedy trial period under 18 U.S.C. § 3161(h)(8).

■ Although the Court has found that the speedy trial period for the charges contained in the original indictment ran on April 5, 1993, the Court will review the circumstances of the case following that date because these circumstances are relevant to the determination whether to dismiss the charges with or without prejudice under 18 U.S.C. § 3162(a)(2). The Court notes periods of delay that would have been excluded if the Court had agreed with the United States that the speedy trial period was reset to seventy (70) days upon the filing of the superseding indictment on April 2, 1993.

On April 14, 1993, the defendants were arraigned on the superseding indictment and the Court set the case for a second status conference on May 12, 1993, and for trial during the term commencing June 7, 1993 (*see* Doc. 25). The day of the arraignment and the day of the second status conference are excluded from the speedy trial period. On June 4, 1993, the Court issued a calendar order (Doc. 35), which placed the case first on the trial calendar commencing June 14, 1993. Meanwhile, based apparently on the minutes of the status conference (Doc. 27), the Clerk issued a notice (Doc. 28) on May 14, 1993, resetting the case for a third status conference on June 16, 1993, and for trial during the term commencing July 5, 1993.

■ Mixon's plea agreement (Doc. 29) was filed on May 17, 1993, and the guilty plea hearing was scheduled for June 1, 1993 (*see* Doc. 30) before the United States Magistrate Judge. At the June 1 hearing, the Magistrate Judge found that Mixon's plea was not voluntary and directed the Clerk to reset the plea before the District Judge. The Court conducted the rescheduled plea hearing on June 24, 1993, and accepted Mixon's guilty plea (*see* Doc. 38). The period from the filing of the plea agreement on May 17, 1993, to the acceptance of the guilty plea on June 24, 1993, is excluded under 18 U.S.C. § 3161(h)(1)(I), which excludes "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government." This excludable delay applies to both Mixon and Maloy. *See United States v. Pirolli,* 742 F.2d 1382, 1384 (11th Cir.1984) ("Anything which 'stops the clock' for one defendant does so for the same amount of time as to all co-defendants"), *cert. denied,* 471 U.S. 1067, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985). This period of excludable delay totals thirty-nine (39) days.

■ On July 1, 1993, the Clerk issued a notice (Doc. 39) resetting the case for a status conference on July 14, 1993, and for trial during the term commencing August 2, 1993. The Court conducted a third and final status conference on July 14, 1993 (*see* Doc. 42). The day of the third status conference is excluded from the speedy trial period. On July 21, 1993, the Court issued a calendar order (Doc. 43), which placed the case first on the August trial calendar commencing August 2, 1993. On July 22, 1993, the defendant filed the present motion to dismiss (Doc. 44), which stops the "speedy trial clock" while the motion is pending, that is, through the date of this Order. Maloy does not dispute that he did not demand a speedy trial at any time before the filing of the motion to dismiss.

From the return of the superseding indictment on April 2, 1993, to the filing of the motion to dismiss on July 22, 1993, sixty-eight (68) days of includable speedy trial time expired. Accordingly, if the Court had agreed with the United States' argument that the speedy trial period started anew with the filing of the superseding indictment, the speedy trial period would not have run as of the date Maloy filed his motion to dismiss.

The United States has argued that the time during which the parties were negotiating a possible plea agreement also should constitute excludable time. *See United States v. Bowers*, 834 F.2d 607, 610 (6th Cir.1987). The Court has not addressed this argument because these negotiations apparently did not begin until after April 5, 1993, the date upon which the Court has found that the speedy trial period ran. In addition, the Court has no record with which to determine when these negotiations began and ended.

Under 18 U.S.C. § 3162(a)(2), if the Court finds a violation of the seventy-day requirement set forth in 18 U.S.C. § 3161(c)(1), the Court must dismiss the charges upon motion of the defendant.

> In determining whether to dismiss the case with or without prejudice, the court shall consider among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2).

The Court finds that the first factor, the seriousness of the offense, weighs heavily in favor of dismissal without prejudice. Conspiracy to possess and possession of fifty (50) grams or more of crack cocaine with intent to distribute are undoubtedly serious offenses. Maloy is subject without enhancement to a ten-year minimum mandatory sentence and a maximum sentence of life imprisonment on each of the two charges. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii) & 846. Possession of fifty (50) grams or more of crack cocaine with intent to distribute is equivalent for sentencing purposes to possession of five (5) kilograms or more of powder cocaine with intent to distribute. *See* 21 U.S.C. § 841(b)(1)(A)(ii). This equivalency and the severity of the terms of imprisonment that Maloy would face upon conviction demonstrate that the offenses are serious. *See United States v. Kottmyer*, 961 F.2d 569, 572 (6th Cir.1992) ("conspiracy to distribute two kilograms of cocaine is 'undeniably a serious offense'" (quoting the trial court)).

The second factor, the facts and circumstances of the case that led to the dismissal, also weighs in favor of dismissal without prejudice. Maloy does not allege, much less demonstrate, that the United States acted in bad faith to delay his trial. There is no evidence that the United States sought to create a delay, whether to gain a tactical advantage or for any other reason. The United States believed in good faith that the speedy trial period began anew with the filing of the superseding indictment. The speedy trial violation was unintentional and is not part of a pattern of neglect by either the Assistant United States Attorney in charge of this case or the United States Attorney's Office in general. *See Kottmyer*, 961 F.2d at 573; *compare United States v. Giambrone*, 920 F.2d 176, 181–82 (2d Cir. 1990) (affirming dismissal with prejudice where defendant showed pattern of neglect by the United States Attorney's Office in his case and generally).[2] Counsel for the United States represented at the hearing that the bulk of the delay since the filing of the original indictment was engendered by continuing plea negotiations and the expectation that these negotiations would conclude successfully. Maloy does not dispute that he engaged in plea negotiations with the United States long after April 5, 1993, thus leading the government to believe that he would enter a plea of guilty.

The third factor, the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice, also weighs in favor of dismissal without

---

**2.** The Assistant United States Attorney assigned to this prosecution appears from the Court's vantage to diligently and ably perform his duties. No aspect of this determination ought to reflect adversely on him.

prejudice. "This factor requires the district court to consider whether the delay has prejudiced the defendants and whether dismissal with prejudice is warranted to ensure future compliance with the Act." *Kottmyer*, 961 F.2d at 573 (citing *United States v. Taylor*, 487 U.S. 326, 340–42, 108 S.Ct. 2413, 2421–22, 101 L.Ed.2d 297 (1988)). The Court finds that the delay has not prejudiced Maloy. He makes no showing of any prejudice in his trial preparation or otherwise and the Court finds none. In addition, the speedy trial violation in this case is a discrete and inadvertent episode (resulting from circumstances to which the most careful might fall victim). This violation is manifestly and assuredly not part of any pattern of neglect on the part of the United States Attorney. Accordingly, dismissal with prejudice is not necessary to ensure future compliance with speedy trial requirements.

Taken together, the three statutory factors weigh decidedly in favor of dismissal without prejudice. In light of these factors, and all of the circumstances of this case, the Court finds that dismissal without prejudice is the appropriate remedy for the speedy trial violation. Accordingly, Maloy's motion to dismiss (Doc. 44) is GRANTED. The superseding indictment is dismissed as to Maloy without prejudice.

ORDERED.