UNITED STATES of America

v.

**Pierrot ARCHER a/k/a Peter Archer a/k/a English, Defendant.**

**No. CRIM. A. 97–494.**

United States District Court, E.D. Pennsylvania.

Nov. 18, 1997.

Anita Eve, U.S. Attorney's Office, Philadelphia, PA, for U.S.

Stanford Shmukler, Philadelphia, PA, for Pierrot Archer.

### ORDER and MEMORANDUM

KATZ, District Judge.

**AND NOW,** this 18th day of November, 1997, upon consideration of Defendant's Pro Se Motion to Dismiss Indictment and/or Charges, Defendant's Memorandum of Law in Support of Defendant Archer's Pro Se Motion to Dismiss Because of Violation of the Speedy Trial Act, and Government's Brief in Support of Dismissal of Complaint and Count Four of Indictment Without Prejudice, and

after hearing the matter, it is hereby **ORDERED** that the Complaint and Count Four of the indictment are **DISMISSED** without prejudice.

*Factual Background*

The defendant was arrested on June 11, 1997, and a complaint was filed on that date stating, "On or about June 11, 1997, [the defendant] knowingly and intentionally possessed with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1)." On August 19, 1997 the defendant had filed a pro se motion to dismiss. An indictment was not filed until September 24, 1997, seventy-five days outside the thirty day limit.[1] The indictment that was filed included six counts charging the defendant with drug crimes on various dates and with a related firearm charge.[2] Count Four charges the same conduct on June 11 as was charged in the June 11 Complaint. Defendant was detained for the entire period and has remained in detention until the present date.

*Dismissal Without Prejudice*

■ The Speedy Trial Act requires that the government must issue an indictment within thirty days of a defendant's arrest. *See* 18 U.S.C. § 3161(b). If an indictment is not filed within that time, the complaint must be dismissed. *See* 18 U.S.C. § 3162(a)(1). The government here concedes that there has been a violation of § 3161(b). The government further concedes that the proper remedy is dismissal. Section 3162(a)(1) leaves to the court's discretion whether the dismissal should be with or without prejudice, and sets forth factors for the court to use to guide that decision. Neither type of dismissal is the presumptive remedy for a violation. *See United States v. Taylor,* 487

U.S. 326, 334, 108 S.Ct. 2413, 2418, 101 L.Ed.2d 297 (1988).

■ In deciding whether the dismissal should be with or without prejudice, the court considers the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice; and the presence or absence of prejudice to the defendant. *See* 18 U.S.C. § 3162(a)(1); *United States v. Taylor,* 487 U.S. 326, 334, 108 S.Ct. 2413, 2418, 101 L.Ed.2d 297 (1988); *Government of the Virgin Islands v. Bryan,* 818 F.2d 1069, 1076 (3d Cir.1987).

■ *(1) Seriousness of the offense.* The defendant was charged in the complaint with distribution of more than 50 grams of cocaine base, or "crack," in violation of 21 U.S.C. § 841(a)(1). That offense carries a statutory mandatory minimum sentence of ten years imprisonment; under the sentencing guidelines, the base offense level is 38, which even in the lowest criminal history category has a sentencing range of 235–293 months imprisonment. This constitutes a serious offense. *See United States v. Brown,* 770 F.2d 241, 244 (1st Cir.1985) ("The distribution of a substantial amount of a hard drug like cocaine is a serious and grave offense against society as a whole, and the district court properly found that the offense weighed heavily in favor of dismissal without prejudice."); *United States v. Cortinas,* 785 F.Supp. 357, 360 (E.D.N.Y.1992), and cases cited therein ("appellate courts have generally considered cases that involve even small quantities of proscribed drugs to constitute 'serious' offenses for purposes of the Speedy Trial Act").

1. The total number of days from June 11 to September 24 is 105. The thirty day period expired on July 11. Defendant filed his pro se motion on August 19, on day 69. The time from August 19 to September 24 is excludable because the court had defendant's pro se motion in front of it. *See* 18 U.S.C. § 3161(h)(1)(F) (time from filing of pretrial motion to its prompt disposition is excludable). Neither party has proposed an exact calculation in their papers.

2. Count One charges that between November 1996 and April 1997, Archer distributed 1.5 kilograms of crack cocaine. Count Two charges that on May 21, 1997, Archer distributed 55 grams of crack cocaine. Count Three charges that on June 3, 1997, Archer distributed 53.2 grams of crack cocaine. Count Five charges that on June 11, 1997, Archer possessed with the intent to distribute approximately 33 grams of crack cocaine. Count Six charges that on June 11, 1997, Archer possessed two firearms in violation of 18 U.S.C. § 922(g)(1).

■ *(2) Circumstances which led to the violation of the Act.* The government admits that the reason the indictment was not filed within thirty days of the defendant's arrest was "inadvertence on the part of the government." See Gov. Br. 3. From the time of the defendant's arrest until September 19, 1997, the parties were involved in plea negotiations and discussions in which the defendant cooperated in the investigation of other criminal activity about which he had knowledge. During this period of negotiation and cooperation, the government's failure to move for a continuance under the Speedy Trial Act was inadvertent. Although time spent in plea negotiations is not excludable under the Act, it is a relevant factor to consider with regard to what caused the delay. *See United States v. Saravia,* 851 F.Supp. 490, 493 (D.Me.1994). Overall in this case, there is no showing of bad faith, or a showing of a pattern of neglect by the local United States Attorney's office. *See United States v. Hernandez,* 863 F.2d 239, 244 (2d Cir.1988) ("an 'isolated unwitting violation' of the Speedy Trial Act cannot support a dismissal with prejudice," (quoting *Taylor*)).

■ *(3) Impact of reprosecution.* In *Taylor,* the Supreme Court recognized that the administration of the Speedy Trial Act is not necessarily offended by a dismissal without prejudice: "It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice.... Nonetheless, the Act does not require dismissal with prejudice for every violation. Dismissal without prejudice is not a toothless sanction." 487 U.S. at 342, 108 S.Ct. at 2422. Given the lack of willful conduct or bad faith present in this case, as well as the serious nature of the crime charged, the administration of justice weighs in favor of allowing reprosecution. *See United States v. Long,* 858 F.Supp. 601, 604 (N.D.W.Va.1994) ("It certainly is not in the best interest of justice or the public to allow this defendant to avoid prosecution in these circumstances," where "there is no evidence that a delay in the indictment gave the government a tactical advantage, that the delay was purposeful, or that the defendant was unfairly prejudiced by the delay."); *United States v. McGrier,* 848 F.Supp. 649, 653 (S.D.W.Va.1994) (given

there was no deliberate attempt to evade the Act, and given the government conceded dismissal, "the Court does not believe it furthers the administration of justice to foreclose reprosecution")

■ *(4) Prejudice to the defendant.* Defendant was detained an additional seventy-five days. Certainly any excess period of incarceration is a burden on an individual, but this is not a delay that mandates dismissal with prejudice. *Compare United States v. Stayton,* 791 F.2d 17, 21 (2d Cir.1986) (twenty-three month delay between indictment and prosecution was "dominating factor" in decision to dismiss with prejudice). The delay caused no prejudice to the defendant in his ability to prepare his defense, as it was not long enough to cause potential witnesses to become unavailable or lose memories of the relevant events.

Based on these findings with regard to the above factors, the dismissal of the Complaint and Count Four of the indictment are without prejudice.

*Only Count Four is Dismissed*

As described above, the Criminal Complaint filed on June 11, 1997 contained this statement of the offense: "On or about June 11, 1997, at Philadelphia, Pierrot Archer, a/k/a Peter Archer, knowingly and intentionally possessed with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1)." Count Four of the Indictment filed on September 24, 1997 charges, "On or about June 11, 1997, at Philadelphia, in the Eastern District of Pennsylvania, defendant Pierrot Archer a/k/a Peter Archer a/k/a English knowingly and intentionally distributed more than 50 grams, that is, approximately 55 grams, of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack" a Schedule II narcotic drug controlled substance. In violation of Title 21, United States Code, Section 841(a)(1)."

■ The indictment contains six counts, and this dismissal is only of Count Four, which is the only count based on conduct that was the basis of the complaint. The other counts of the indictment were not contained

in the complaint and thus are not subject to dismissal.[3] *See United States v. Mosquera,* 95 F.3d 1012, 1013 (11th Cir.1996) ("The Speedy Trial Act does not guarantee that an arrested individual indicted within thirty days of his arrest must, in that thirty-day period, be indicted for every crime known to the government, failing which he may never be charged."); *United States v. Giwa,* 831 F.2d 538, 541 (5th Cir.1987) ("every circuit ... has adopted a narrow interpretation of section 3162(a)(1), holding that if the Government fails to indict a defendant within thirty days of arrest, the Act requires *dismissal of only the offense or offenses charged in the original complaint*" (emphasis in original) ) and cases cited therein. Although the language of § 3162(a) speaks of dismissing the complaint, an indictment brought outside the thirty day period should be dismissed if the underlying complaint should have been dismissed. *See United States v. Derose,* 74 F.3d 1177, 1182–83 (11th Cir.1996); *United States v. Antonio,* 705 F.2d 1483, 1486 (9th Cir.1983). Therefore, only the count directly coming from the complaint is subject to dismissal.

 Defendant argues that Counts 5 and 6 should be dismissed in addition along with Count 4, because "Counts 4, 5 and 6 all arise out of the same transaction which was described in the complaint, since it is apparent that the search of the properties was based on information obtained from Defendant at the time of his arrest." This is not correct. Courts narrowly interpret the rule of § 3162(a)(1) to include only the charge actually articulated in the complaint; a transactional test is not used. The Fifth Circuit explained this point thoroughly in *United States v. Giwa,* 831 F.2d 538 (5th Cir.1987), where it rejected defendant's argument that

because his arrest and his indictment on other charges "flow[ed] out of the same set of transactions and circumstances, the spirit of the Speedy Trial Act [was] violated," *id.* at 540:

> The specific statutory language in section 3162(a)(1) supports the construction given that provision by the courts. The Act requires dismissal of only those charges contained in the original complaint.... Moreover, the legislative history of the Act supports a narrow interpretation of section 3162(a)(1). While the initial drafts of the Act barred prosecution of those offenses contained in the complaint or "any offense based on the same conduct or arising from the same criminal episode," or those offenses "which were known or reasonably should have been known at the time of dismissal," Congress expressly rejected those drafts in favor of the more restrictive version currently in effect.

*Id.* at 541 (citations and footnote omitted). *See also Derose,* 74 F.3d at 1183–84; *United States v. Palomba,* 31 F.3d 1456, 1464 (9th Cir.1994); *United States v. Napolitano,* 761 F.2d 135, 137 (2d Cir.), *cert. denied,* 474 U.S. 842, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985).

The only recognized exception to this rule is the "gilding" exception. *See United States v. DeTienne,* 468 F.2d 151, 155 (7th Cir.1972) ("if the crimes for which a defendant is ultimately prosecuted really only gild the charge underlying his initial arrest and the different accusatorial dates between them are not reasonably explicable, the initial arrest may well mark the speedy trial provision's applicability as to prosecution for all the interrelated offenses"); *see also Derose,* 74 F.3d at 1183–84.[4] The charges in Counts 5 and 6 do not merely gild Count 4, because they allege different substantive crimes. *See, e.g., Unit-*

---

3. Count One charges that between November 1996 and April 1997, Archer distributed 1.5 kilograms of crack cocaine. Count Two charges that on May 21, 1997, Archer distributed 55 grams of crack cocaine. Count Three charges that on June 3, 1997, Archer distributed 53.2 grams of crack cocaine. Count Five charges that on June 11, 1997, Archer possessed with the intent to distribute approximately 33 grams of crack cocaine. Count Six charges that on June 11, 1997, Archer possessed two firearms in violation of 18 U.S.C. § 922(g)(1).

4. The Third Circuit has never explicitly recognized this exception or applied it. The rule is not uniformly recognized in the other circuits. *See Derose,* 74 F.3d at 1183–84. It is not necessary to predict whether the Third Circuit would recognize this exception, because even if the exception were recognized, the counts in this indictment would not fall under it.

*ed States v. Nixon,* 634 F.2d 306, 309(5th Cir.1981) (holding that "[e]ven though proof of perjury must rely in part on the same facts as would support a counterfeiting charge, perjury is a distinct and separate offense," and thus gilding exception did not apply).

### § 3164 Review of Conditions of Release

Defendant's motion also raises the issue of the applicability of 18 U.S.C. § 3164, which requires that "[f]ailure to commence trial of a detainee [in ninety days] ... shall result in the automatic review by the court of the conditions of release. No detainee ... shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." 18 U.S.C. § 3164(c).

■ It is true that Mr. Archer has been continuously detained since June 11, 1997, which is in total more than the allowable ninety days. But he has only been detained since that date on the conduct alleged in the complaint. This Order dismisses those charges; therefore he is no longer held on them. The Speedy Trial clock did not start to run on the remainder of the indictment until those charges were filed in the indictment on September 24, 1997. For those charges, the ninety day period has not expired, and defendant is thus not entitled to a review of his conditions of release. In any event, detention on the remaining charges is appropriate, based on the reasoning set forth in the Pretrial Detention Order of June 20, 1997, which reasoning is equally applicable to the defendant's current circumstances.