**UNITED STATES of America,**
**Plaintiff,**

v.

**Edgar MARTINEZ, Defendant.**

**No. CR.92–172–02 (WGB).**

United States District Court,
D. New Jersey.

Nov. 12, 1999.

---

Faith Hochberg, United States Attorney, District of New Jersey, Newark, NJ, by Jane Myers, Assistant United States Attorney, for plaintiff.

Michael N. Pedicini, Michael N. Pedicini, Morristown, NJ, for defendant.

## OPINION

BASSLER, District Judge.

This opinion addresses Petitioner Edgar Martinez's motion to dismiss the indictment for the Government's violation of Section 3161 of the Speedy Trial Act, 18 U.S.C. Sections 3161 to 3174. Respondent (the Government) concedes that the Speedy Trial Act has been violated; the real issue here is whether Martinez's indictment should be dismissed with or without prejudice. The Court **grants** Martinez's **motion to dismiss the indictment with prejudice.**

## I. BACKGROUND

In March 1992, a bench warrant was issued for the arrest of Martinez and his co-defendant, Fabio Paz, after a federal grand jury sitting in Newark, New Jersey charged Martinez and Paz with conspiracy to distribute approximately 330 kilograms of cocaine. In October 1993, Paz was convicted and was eventually sentenced to 419–months imprisonment.

After Martinez was arrested in Florida in September 1997, Martinez appeared in the Southern District of Florida for Rule 40 proceedings, and was ordered removed to the District of New Jersey on October 6, 1997. On February 2, 1998, Martinez was arraigned before this Court. Martinez entered a plea of not guilty, and a trial date was scheduled for April 14, 1998. The Docket Sheet indicates that no activity occurred until August 24, 1999, when Martinez filed a pro se motion to dismiss the indictment for violations of the Speedy Trial Act, 18 U.S.C. Sections 3161 to 3174.

In the interim, however, Martinez filed a pro se petition for writ of habeas corpus on December 28, 1998, which was inexplicably assigned to the Honorable Dickinson R. Debevoise. Civ. No. 98–5825. Judge Debevoise ordered the Government to answer on or before January 28, 1999. On February 5, 1999, Martinez sought an order from the Court to compel the Government to respond. On March 26, 1999, Judge Debevoise ordered the Government to respond to the habeas petition. On May 11, 1999, the Government requested an extension of time to answer because of plea negotiations that occurred "as recently as on or about April 25, 1999." On May 12, 1999, Judge Debevoise granted the Government's request and extended the time to answer to June 14, 1999. On July 8, 1999, Martinez again filed a pro se petition for writ of habeas corpus, alleging that the delay in bringing the indictment to trial was unconstitutional. On July 21, 1999, the Government submitted a plea government to Martinez's first C.J.A. appointed attorney. The Government finally answered Martinez's habeas petition on August 5, 1999. Judge Debevoise dismissed Martinez's petition for habeas relief on August 23, 1999. On September 7, 1999, Martinez filed a notice of appeal to the Third Circuit, which is currently pending.

On August 24, 1999, Martinez filed a pro se Speedy Trial motion before this Court. Also on August 24, 1999, the Court held a conference to discuss the status of plea negotiations and Martinez's allegations of unsatisfactory representation by counsel. At that conference, the Court appointed Michael Pedicini, Esq., as new counsel for Martinez.

On October 1, 1999, Martinez's counsel filed a motion to dismiss the indictment, returnable on October 25, 1999. The Government failed to respond until October 25, 1999. On November 9, 1999, the Court heard oral arguments.

## II. DISCUSSION

### A. Speedy Trial Act Violation

In *United States v. Rivera Construction Co.*, 863 F.2d 293, 295–96 (3d Cir.1988), the Third Circuit set forth the rationale behind

the Speedy Trial Act. The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI. Congress enacted the Speedy Trial Act to "give effect to the Sixth Amendment right to a speedy trial" by setting specified time limits after arraignment or indictment within which criminal trials must be commenced. H.R.Rep. No. 1508, 93rd Cong., 2d Sess. (1974), reprinted in 1974 U.S.Code Cong. & Admin.News 7401, 7402. A defendant must be brought to trial within 70 days following his indictment or first appearance before the court, whichever occurs later. 18 U.S.C. § 3161(c). If the trial does not commence within the 70–day period, and no time exclusions as allowed by Section 3161(h) apply, the Act requires that the indictment be dismissed. 18 U.S.C. § 3162(a)(2). Although the defendant generally bears the burden of proof in support of such a motion, the government bears the burden of going forward with evidence to demonstrate that a specific period of time should be excluded from the calculations under the Speedy Trial Act. 18 U.S.C. § 3162(a)(2); *see also United States v. Hamilton*, 46 F.3d 271, 275 (3d Cir.1995) (explaining burdens).

In this case, Martinez was indicted by the grand jury in 1992, and appeared before the Court for arraignment on February 2, 1998.[1] (Docket Sheet at 4, entry 88). Both parties assert that the date of the arraignment is the day that the 70–day clock begins to run. The Government also contends, however, that Section 3161(h)(1)(F) "halt[ed] the Speedy Trial clock until the disposition of the [the December 28] motion."[2] That provision states in part that "any delay resulting from any pretrial motion" will be excluded from calculations for Speedy Trial clock violations. 18 U.S.C. § 3161(h)(1)(F).

■ Although the Court agrees that the December 28, 1998 petition for habeas corpus stops the clock, it applies a different provision of the Speedy Trial Act. The Court rejects the Government's Section 3161(h)(1)(F) argument, primarily because Martinez's December 28, 1998 petition for writ of habeas corpus, which is docketed as Civil No. 98–5825(DRD), does not constitute a pre-trial motion for this case, which is docketed as Criminal No. 92–172–02(WGB). The plain language of Section 3161(h)(1)(F) refers to "motions," not petitions for writs.

The time during which the petition is pending should instead be excluded pursuant to Section 3161(h)(1). That provision states that periods of delay shall be excluded if that period of delay resulted from "other proceedings concerning defendant, including but not limited to...." The applicability of Section 3161(h)(1) instead of Section 3161(h)(1)(F) is correct in light of the Speedy Trial Act Guidelines, which are cited in *United States v. Tyler* and state that "[a]lthough an application for an extraordinary writ is not, strictly speaking, an 'interlocutory appeal,' it is an analogous 'other proceeding' excludable under paragraph (h)(1)." 878 F.2d 753, 758 (3d Cir.) (citing guidelines in context of writ of mandamus on appeal, which the Third Circuit

---

1. There are several inconsistencies in the parties' pleadings regarding the date of the arraignment. First, in its answer to the habeas petition, the Government states that Martinez appeared before the Court on January 26, 1998. The Government presumably relies on Martinez's reference to that date. There is, however, nothing in the record confirming any activity on that date. Second, both parties rely on February 6, 1998 as the date of the arraignment. That date, however, is the day the proceedings were entered on the docket. Third, Martinez calculated that the

70–day period begins on February 6 and ends on April 26, 1998. This appears to be a miscalculation and the Court presumes that Martinez intended April 16, 1998 to be the relevant date. Regardless of the parties' miscalculations, the Court relies on the docket sheet and considers February 2, 1998 to be the date of the arraignment.

2. In its brief, the Government refers to this motion as a January 28, 1999 motion. The Government subsequently noted that December 28, 1998 is the proper date.

treated as an interlocutory appeal), *cert. denied,* 493 U.S. 899, 110 S.Ct. 254, 107 L.Ed.2d 203 (1989). Thus, the clock stopped running on December 28, 1998.

▆▆ Although not briefed by the parties, several additional exclusions apply. First, "day one" of the clock begins the day after the trigger event. *United States v. Kraselnick,* 702 F.Supp. 489, 491 (D.N.J. 1988). The date of the arraignment, which is the trigger event, is excluded as "other proceedings concerning the defendant" pursuant to 18 U.S.C. Section 3161(h)(1). *United States v. Maloy,* 835 F.Supp. 1373, 1376 (M.D.Fla.1993). Thus, February 3, 1998, the day after the arraignment, begins the first day of the 70–day period, and the final day is April 14, 1998. Second, the day of the status conference, August 24, 1999, is excluded as an "other proceeding[ ] concerning the defendant" pursuant to Section 3161(h). *See, e.g., Maloy,* 835 F.Supp. at 1376. Third, the day that Martinez filed the motion to dismiss the indictment results in an excludable time period pursuant to Section 3161(h)(1)(F). "A motion to dismiss—regardless of the grounds upon which it is based—is a motion like any other motion, and thus falls within the express exclusion of [Section 3161(h)(1) ](F)." *United States v. Stafford,* 697 F.2d 1368, 1372 (11th Cir.1983). Fourth, Martinez's appeal of the habeas petition to the Third Circuit results in time being excluded under Section 3161(h)(1)(E), which excludes time periods for "delay resulting from any interlocutory appeal." *See also Tyler,* 878 F.2d at 757; *United States v. Davenport,* 935 F.2d 1223, 1234 (11th Cir.1991). Consequently, an excludable time period begins September 7, 1999, when Martinez filed an appeal before the Third Circuit.

Despite the exclusions, the Government's violation o the Speedy Trial Act remains substantial. Applying the relevant exclusions, the following reflects the extent of the Government's delay under the Speedy Trial Act. As noted, the 70–day period ended April 14, 1998, and the violation period began on April 15, 1998. The clock stopped on December 28, 1998, when Martinez filed the petition for writ of habeas corpus until August 23, 1999, when Judge Debevoise dismissed the petition. When the habeas petition was filed, 257 days (more than eight months) had lapsed since the day the 70–day period ended, including excludable days. The clock remained stopped on August 24, 1999, when the pretrial conference was held. The clock began running from August 25, 1999 until September 7, 1999, a total of 13 days, when Martinez filed a notice of appeal for the habeas petition. Adding those 13 days to the 257 days, the Speedy Trial Act violation totaled 270 days. In the meantime, the appeal of the habeas petition results in excludable time.

### B. Whether to Dismiss the Indictment With or Without Prejudice

▆ Regardless of the precise calculation, the Government concedes that it "cannot and does not contest that there was a violation of Section 3161(c) in this case." (Gov.Br. at 2). The only issue remaining concerns whether the indictment should be dismissed with or without prejudice. (Gov.Br. at 2). The Government contends that the motion should be dismissed without prejudice so that it can file a superseding indictment because "there is a lack of prejudice to the defendant caused by the Government's noncompliance with the Speedy Trial Act." (Gov. Br. at 2, 6). Of course, Martinez seeks dismissal with prejudice.

▆▆ In deciding whether to dismiss an indictment with or without prejudice under the Speedy Trial Act, "Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation." *United States v. Taylor,* 487 U.S. 326, 334, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). In determining whether to dismiss with prejudice, 18 U.S.C. Section 3162(a)(2) provides that the court shall consider, among others, the following factors: "the seriousness of the offense; the facts and circumstances of the

case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." The presence or absence of prejudice to a defendant is also a relevant factor even though it is not specifically enumerated in Section 3162(a)(2) of the Speedy Trial Act itself. *See also Taylor*, 487 U.S. at 334, 108 S.Ct. 2413; *Virgin Islands v. Bryan*, 818 F.2d 1069, 1076 (3d Cir.1987). If, however, "a district court dismisses an ... indictment with prejudice because there has been a failure to comply with the time requirements of the Speedy Trial Act, the court must state its reasons on the record setting forth fully the balancing which is required before such an action can be taken." *Virgin Islands*, 818 F.2d at 1076 (vacating district court's dismissal with prejudice and remanding for failure to consider statutory factors).

Martinez concedes that the offense with which he was charged constituted a "serious crime." (Pet.Br. at 3). As noted by the Government, Martinez was charged in the single-count indictment with violating 21 U.S.C. Section 846, which carries with it a sentence of between ten years and life in prison. (Gov.Br. at 3). The Government estimates that if convicted, Martinez's sentencing range would be between 135 and 168 months. (Gov.Br. at 3). The Government also contends that Martinez was subject to a fine of up to $4,000,000. (Gov.Br. at 3). Because the conspiracy with which Martinez and his co-defendant were charged involved 330 kilograms of cocaine, the Government concludes that this charge of conspiracy to distribute an "extremely large amount" of cocaine constitutes a "serious crime." The Court agrees.

In examining facts and circumstances of the case, which constitutes the second factor for determining whether the indictment should be dismissed with prejudice, the Government emphasizes that "[i]nadvertence, mistake, administrative neglect and random negligence" are "less blameworthy than purposeful conduct or recurrent transgression." (Gov.Br. at 4) (citing *United States v. May*, 819 F.2d 531, 533 (5th Cir.1987)); *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir.), *cert. denied*, 488 U.S. 925, 109 S.Ct. 308, 102 L.Ed.2d 327 (1988); *United States v. Melguizo*, 824 F.2d 370, 372 (5th Cir.1987), *cert. denied*, 487 U.S. 1218, 108 S.Ct. 2870, 101 L.Ed.2d 906 (1988). The Government asserts that the delays that led to violations of the Act were due to mistake and administrative neglect, not willful misconduct or tactical delay. (Gov.Br. at 4; Gov. Affidavit).

Specifically, the Government explains that the delay was attributable to two factors. First, the Government asserts that it was under the mistaken impression that the clock had stopped because of pretrial motions and because of requests for adjournments that were never memorialized. (Gov.Br. at 4). No effort, however, was made to obtain a consent order or to verify the existence of any pretrial motions. The fact is that no attention was given to avoiding a violation of the Speedy Trial Act. The Court finds those explanations to be troubling because the Government could have easily confirmed the existence of motions and because the adjournments were not in writing, as conceded by the Government, making it impossible for the Court to verify those assertions.

Second, the Government contends that the delay was due in part to its efforts to negotiate a plea, at Martinez's request, with the Eastern District of New York, where other charges had been filed against Martinez. (Gov.Br. at 4). The Government also asserts that it "successfully obtained a global plea agreement" for Martinez. (Gov.Br. at 4). Although the Government argues that plea agreements toll the Speedy Trial clock pursuant to 18 U.S.C. Section 3161(h)(1)(I), the Court finds the "plea agreement" argument unconvincing for two reasons. First, time spent on plea discussions is not excludable although the Government is correct that plea discussions should be considered when determining what caused the delay. *United States v. Archer*, 984 F.Supp. 321, 323–24 (E.D.Pa.1997). Second, a plea agreement affects the Speedy Trial clock

only if the delay results from "consideration by the court," not by the parties. 18 U.S.C. § 3161(h)(1)(I). This plea agreement was never before the Court.

The Government has had an ample opportunity to advance this case. The fact that Martinez's co-defendant Paz was successfully convicted supports that assertion. It appears that this prosecution was not a priority for the Government, which is exemplified by the manner in which the Government treated the December 28, 1998 habeas petition that alleged unconstitutional delays in bringing this matter to trial. For example, Judge Debevoise directed the Government to answer Martinez's petition on two occasions before the Government requested an extension on May 11, 1999. Although the Government explained that the delay was due to plea negotiations, it failed to answer until August 5, 1999, more than seven months after the petition was filed. *See Taylor*, 487 U.S. at 339, 108 S.Ct. 2413 (requiring "more than an isolated unwitting violation ... [to] alter [ ] the balance"); *United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir.1988) (same); *Archer*, 984 F.Supp. at 324 (requiring pattern of neglect).

Additionally, as recently as October 25, 1999, the Government neglected another aspect of this case, by failing to answer Martinez's motion to dismiss the indictment until the date it was returnable, rather than October 12, 1999, the day the answer was due. Although there is no showing of bad faith, neither is this just a case of mere inadvertence or isolated mistake.

The impact of re-prosecution on the administration of the Act and on the administration of justice is the third factor for determining whether the indictment should be dismissed with or without prejudice. District courts should "take seriously their responsibility to consider the 'impact of a reprosecution on the administration' of justice and of the Act, § 3162(a)(2)." *Taylor*, 487 U.S. at 342, 108 S.Ct. 2413. As explained by the Supreme Court in *Taylor*:

It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays.... Nonetheless, the Act does not require dismissal with prejudice for every violation. Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds. Given the burdens borne by the prosecution and the effect of delay on the Government's ability to meet those burdens, substantial delay well may make reprosecution, even if permitted, unlikely. If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors identified in § 3162(a)(2) would be superfluous, and all violations would warrant barring prosecution. *Ibid.*

In determining how best to administer justice, the Court must determine the extent to which Martinez was prejudiced by the Government's failure to prosecute, even though it is not specifically required by 18 U.S.C. Section 3161. *Taylor*, 487 U.S. at 334, 108 S.Ct. 2413. The Government asserts that no prejudice has occurred by the delay of trial because no evidence has been lost and because Martinez has been provided more than an ample explanation of the Government's case against him. (Gov.Br. at 5). According to the Government, it might actually be to Martinez's benefit that the delay occurred because "several of the cooperating witnesses whom the Government would call to testify have already served their sentences." (Gov.Br. at 5). Martinez vehemently disagrees, stating that "the fact that there is no identifiable reason as to why the government failed to bring this case to trial within seventy days, while the defendant languished in the Union County Jail for two years, cries out for the ultimate sanctions [of dismissal with preju-

dice] and finality to this matter." (Gov.Br. at 5.) The Court agrees that the administration of justice and the administration of the Act are not well-served by the Government's delay, particularly here where the delay was substantial and where Martinez was in jail the entire time.

■ Of course, when as here, the "crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *See United States v. Stayton,* 791 F.2d 17, 21 (2d Cir.1986) (dismissing even though crime involved 200 kg of drugs) (citation omitted); *Hastings,* 847 F.2d at 929 (applying same standard). As explained in *Hastings,* 847 F.2d at 925,

> the graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocense. It is impossible to deny the heightened public interest in adjudicating felonies on the merits.

■ When the delay is substantial, however, "a negligent failure to comply with the Act will not suffice to justify trial." *United States v. Russo,* 741 F.2d 1264, 1268 (11th Cir.1984). "The longer the delay, the greater the presumptive or actual prejudice to defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." *Taylor,* 487 U.S. at 340, 108 S.Ct. 2413. Specifically,

> [i]nordinate delay between public charge and trial, ... wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty', whether he is free on bail or not, and ... may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and friends. *Taylor,* 487 U.S. at 340–41, 108 S.Ct. 2413 (quoting *Barker v. Wingo,* 407 U.S. 514, 527, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (White, J., concurring) (additional citation omitted)).

Concededly, Martinez has not demonstrated how that delay has impaired his ability to defend himself. However, "[t]o some extent, then, a lengthy delay can be seen as a proxy for direct proof of actual prejudice." *Hastings,* 847 F.2d at 929. Although the date of incarceration is not relevant for determining what time periods are excluded, it certainly is relevant in considering the prejudice that has resulted from an individual being deprived of liberty. *Taylor,* 487 U.S. at 340, 108 S.Ct. 2413 (discussing deprivations of liberty); *Clymer,* 25 F.3d at 832 (stating that because defendant was incarcerated for entire pretrial period, he suffered "significant actual prejudice to his liberty"). Here, Martinez has been incarcerated for more than twenty-four months.

More importantly, the Government's violation of the Speedy Trial Act totaled 270 days, more than eight months. That delay mandates a dismissal with prejudice. *Compare United States v. Clymer,* 25 F.3d 824, 832 (9th Cir.1994) (more than 15–month delay, not including additional 5 months of excludable time, warrants dismissal with prejudice); *Stayton,* 791 F.2d at 21 (23–month delay mandates dismissal with prejudice) and *Russo,* 741 F.2d at 1266 (several month-delay sufficient to bar reprosecution even though crime serious); *with Hastings,* 847 F.2d at 929 (5–day delay does not warrant dismissal with prejudice); *United States v. Brown,* 770 F.2d 241, 244 (1st Cir.) (35–day delay does not warrant dismissal with prejudice when crime serious), cert. denied, 474 U.S. 1064, 106 S.Ct. 816, 88 L.Ed.2d 789 (1986); and *Archer,* 984 F.Supp. at 324 (75–day delay does not warrant dismissal with prejudice).

## III. CONCLUSION

For the foregoing reasons, Martinez's **motion to dismiss the indictment** because of the Government's failure to comply with 18 U.S.C. Section 3161(c)(1) of the Speedy Trial Act, is hereby **granted.** The **indictment** is **dismissed with prejudice**

pursuant to 18 U.S.C. Section 3162(a)(2) of that Act. An appropriate Order follows.

## ORDER

This matter having come before the Court on Defendant's motion to dismiss the indictment with prejudice, pursuant to 18 U.S.C. Section 1362(a)(2), for the Government's failure to comply with 18 U.S.C. Section 3161 of the Speedy Trial Act, 18 U.S.C. Sections 3161 to 3174;

The Court having considered the submissions of the parties and having heard oral arguments; and for the reasons set forth in the Court's Opinion filed this day; and

For good cause shown;

It s on this 12th day of November, 1999, **ORDERED** that Defendant's **motion to dismiss the indictment with prejudice** is **GRANTED**; and

The Court having been informed by counsel for Edgar Martinez and counsel for the Government that no charges are pending;

IT IS **FURTHER ORDERED** that Edgar Martinez be **released** immediately from the custody of the United States Marshals Service and the Union County Jail where he has been detained pending trial on Indictment No. 92–172–02(WGB); and

IT IS **FURTHER ORDERED** that the Clerk of the Court shall remove this case from the Court's active docket.